A. J. WATTS v. W. J. HOWARD.

No. 6599.

**Evidence—Trespass to Try Title.**—In trespass to try title it is not competent to show by parol evidence that it was intended by the parties to a deed through which an attempt is made to deraign title, to convey land not actually embraced in the description contained in the deed. It is otherwise when the object of the suit against the vendor is to enforce a reformation of the deed so as to conform to the contract of the parties. For facts see opinion.

ERROR from Wise.    Tried below before Hon. F. E. Piner.
The opinion states the case.

*W. H. Bullock* and *Carswell & Fuller,* for plaintiff in error.—The true position of the 320-acre tract sold to Perkins was in the northwest corner of the Lee C. Smith survey, beginning at said corner, thence south 1900 varas, thence east 950 varas, thence north 1900 varas, thence west 950 varas.

*Patterson & Martin,* for defendant in error.—The true position of the 320 acres sold to Perkins is where it was run on the ground by the surveyor Crowell, and where the lines and corners were then established. Burnett v. Burriss, 39 Texas, 502; Dalby v. Booth, 16 Texas, 564.

GAINES, ASSOCIATE JUSTICE.—This suit involves a question of boundary. One Abel Warren, being the owner of the Lee C. Smith original survey, agreed to sell to one A. T. Perkins a tract of 320 acres lying in its northwest corner. The land was surveyed in the shape of a parallelogram extending 950 varas from east to west and 1900 varas from north to south, with corners well marked on the ground by bearing trees. The deed was made to Perkins describing the land according to this survey. It was subsequently ascertained that the surveyor made a mistake as to the true position of the northwest corner of the Smith survey, which he intended to make his starting point, and commenced about 85 varas west of that corner. Consequently the east line of the survey as run by the surveyor and as marked on the ground and described in the deed to Perkins was 85 varas further west than it should have been. A. T. Perkins conveyed the 320 acres of land to E. E. Perkins, describing it as it was

described in his deed from Warren.   E. E. Perkins sold 160 acres off the south end of the tract, the description calling to begin on the west boundary line of the Smith 950 varas south of his northwest corner, and to run thence south 950 varas, thence east 950 varas, thence north 950 varas to W. O. Moore's southwest corner, and thence west to the beginning.   The Moore survey referred to is 160 acres in the form of a square, and is described as beginning at a point on the north boundary line of the original Smith survey 950 varas east of its northwest corner, and running south 950 varas, east 950 varas, north 950 varas, and thence .west to the beginning.   It is evident that between the land described in the deed from Warren to Perkins and that embraced in the deed to W. O. Moore there lies a strip about 85 varas wide.

Subsequently Warren sold to one Coudry a tract of land lying south of Moore's survey and east of that sold to Perkins.   The field notes of this tract call to begin at the southwest corner of the Moore survey, and describe its lines by course and distance without designating either natural or artificial objects to fix the exact locality.   The land in controversy is the strip lying between the southern prolongation of the west boundary line of the Moore and the east boundary of the survey made for Perkins as actually surveyed and as described in the deed from Warren to him.

The appellant was plaintiff in the court below. · He claims that his land extends to the prolongation of the Moore line.   The appellee, who holds under Coudry, claims to the east line of the survey as actually run by the surveyor who established the corners described in the deed from Warren to Perkins.

Starting from the southwestern corner of W. O. Moore's land and following the courses and distances of the lines called for in the deed to Coudry, that deed does not embrace the land in controversy; but the surveyor who ran the lines and made the field notes which were subsequently incorporated in the conveyance testified that he did not find the Moore corner; that he supposed it to be on the east boundary line of the Perkins survey as actually run and marked on the ground, and that the place he took to be the Moore corner was on that line.   According to this testimony the land surveyed for Coudry embraces the land in controversy; but the southwest corner of the Moore, though not well marked, can be readily ascertained, and there being no ambiguity or conflict in the calls which suggest a mistake, it may be doubted whether in a proceeding of this character it was competent to show by parol testimony that the surveyor made a mistake in calling for that corner.   But fortunately for the defendant, he is not called upon to show any title until the plaintiff has established a prima facie right to the land for which he sues.

It is clear that Warren intended to convey to Perkins all the land extending as far east as the Moore line.   But it is equally clear that on account of the surveyor's mistake the field notes of the deed described

as the east boundary of the land conveyed a well marked line lying 85 varas west of the west boundary of the Moore. The deed from Warren to Perkins, through which plaintiff claims, does not convey to the grantee the land in controversy; and it is not competent in an action of trespass to try title to show that it was intended to embrace land not in fact included in the description. If an action had been brought against Warren by Perkins for a reformation of the deed, the evidence introduced to show the mistake would have been sufficient to warrant a decree in his favor.

The plaintiff's deed from E. E. Perkins is probably sufficient to have conveyed the land in controversy if Perkins had had title. His difficulty is that the title still remains in Warren, who was agreed to be the common source, unless it passed by the deed from Warren to Coudry under which defendant claims.

There is no error in the judgment and it is affirmed.

*Affirmed.*

Delivered April 25, 1890.