## E. M. COLLINS ET AL. V. BALL, HUTCHINGS & CO.

### No. 3248.

1. **Sale of Land by Administrator.**—An order of sale is requisite to the power of an administrator to sell lands of the estate.

2. **Probate Sale—Identity of the Land Sold.**—In a proper case the order of sale or other parts of the record may be aided by reference to the inventory, or the whole record in reference to the sale or any part thereof may be looked to in case of uncertain or conflicting descriptions in the record in order to identify the land thereby conveyed.

3. **Same—Latent Ambiguity.**—In cases of latent ambiguity, where the proceedings refer to other records, deeds, or writings, etc., resort may be had to such extrinsic evidence.

4. **Record the Authority to Sell and Evidence of Title.**—Other land than that which is clearly described in the proceedings can not be engrafted into the record for the purpose of showing that it was in fact the land intended to be sold.

5. **Same—Fact Case—Testimony.**—In the administration under which Ball, Hutchings & Co. claimed the land in controversy, it was described as one-third league in McLennan County, patented to assignee of *S. Burks.* No reference is anywhere made to the patent, field notes, or other description. The land sued for was patented to assignee of S. Banks, and was situated partly in McLennan County and partly in Coryell County. The order of sale was for sale of the *S. Burks* land. The confirmation contained no description. *Held:*

   1. It was irrelevant to the issue of title to the S. Banks survey to show proceedings in the administration ordering and confirming sale of the S. Burks survey.

   2. It was error to admit testimony that the *S. Banks* survey was advertised for sale and *cried out* at the sale by the administrator.

   3. So also was it error to admit testimony that no survey in name of S. Burks was in McLennan County.

   4. *Banks* and *Burks* are not idem sonans, nor are they the same name.

6. **Copies of Probate Records—Secondary Evidence.**—Certified copies of probate records (including inventories, etc.), are admissible under the statute "where the records themselves would be admissible;" and when the original document is lost the record or a copy therefrom would be the next best evidence of the contents of the original, to the exclusion of all other evidence of a weaker and less certain character. Parol evidence should not be allowed to contradict such copy.

7. **Interlineations in Deed.**—The rule that interlineations in a deed are presumed to have been made before signing does not apply except where the deed and its surroundings are free from suspicion. See material alteration requiring explanation.

8. **Charge.**—It was the duty of the court to charge the jury that the records authorizing the sale, etc., of the *S. Burks* survey did not operate as a conveyance of the S. Banks land.

9. **Comparison of Handwriting.**—The original inventory of the administrator, by whose sale the defendants claimed, having been lost, it was incompetent to admit letters written by the man who wrote the lost inventory. The testimony was offered to show that from his style of forming certain letters the clerk in recording the inventory might readily have made the alleged mistake in writing *Burks* instead of Banks.

APPEAL from McLennan. Tried below before Hon. A. C. PRENDERGAST, Special District Judge.

The opinion states the case.

*D. A. Nunn* and *Alexander & Winters*, for appellant E. M. Collins.—
1. The court erred in admitting the certified copy of the inventory of
W. H. Warren, administrator of D. O. Warren's estate, also report of
sale, order of sale, and order of confirmation, because it nowhere ap-
peared that the land in controversy had been inventoried or ordered
to be sold, or reported sold or confirmed, and said evidence was mis-
leading and calculated to confuse the jury, and was irrelevant and in-
competent to show a sale of the land as claimed by the defendants, as
fully shown by plaintiff's bill of exceptions on file.

2. The power to make sale is with the court, and the administrator
is but the instrument or agent of the court to execute its orders and
decrees. Pasch. Dig., art. 1327; Hamilton v. Pleasants, 31 Texas, 638;
Shriver v. Linn, 2 How., 43; Neil v. Hughs, 10 G. & J., 7; Rorer on Jud.
Sales, pp. 148, 477, 478, 480, 481, 260, 261, 357; Hill. on Sales, sec. 62,
p. 106.

3. The order of confirmation is the essential fact, is the indispens-
able requisite to a probate sale, is the source of all authority to effect
a sale; without this order no sale can be made, and the sale must be
strictly in accordance with it and in obedience to it. Brown v. Chris-
tie, 27 Texas, 73; Rock v. Heald, 27 Texas, 525; Sypert v. McCowen,
28 Texas, 637; Moody v. Butler, 63 Texas, 210; Jones v. Taylor, 7 Texas,
243; Wells v. Mills, 22 Texas, 302; Dowling v. Duke, 20 Texas, 181;
Lindsay v. Jaffray, 55 Texas, 626; Bradbury v. Reed, 23 Texas, 258;
Yerby v. Hill, 16 Texas, 377; Smith v. Chew, 35 Miss., 153; Halleck
v. Guy, 9 Cal., 181–195; Williamson v. Berry, 8 How., 496; Hill. on
Sales, p. 107; Rorer on Jud. Sales, secs. 40, 41, 148, 252, 253, 311.

4. The order of the court must describe the land sold, and this de-
scription must be adequate to properly designate it. The order must
contain within itself a proper description, or make reference to some
part of the record in which such description may be found. Hurley
v. Barnard, 48 Texas, 83; Wofford v. McKinna, 23 Texas, 45; Mc-
Donald v. Bank, 74 Texas, 539; Morris v. Balkham, 75 Texas, 111;
McKay v. Bank, 75 Texas, 181.

5. It will be observed that the report of sale does not say he sold
the land as mentioned in the inventory, or that it had been ordered
sold by the court, but that he sold "certain lands belonging to the es-
tate of deceased, and a full and correct account whereof is respectfully
submitted to the court, as follows, to-wit: 1476 acres in McLennan
County, S. Burks headright; purchaser, J. W. Warren, $738," etc.
"Examined, confirmed, and approved, and upon compliance by the
purchaser with the terms of the sale, the administrator is ordered to
make title to them. 25th November, 1870." It does not follow that the
undivided half-interest of the D. O. Warren estate in 18,345,902 square
varas (about 3253 acres), situated in Coryell and McLennan counties,
was sold or confirmed, and title deeds ordered to be made to same; nor

that the court had in mind or intended to confirm such a sale. Bock v. Heald, 27 Texas, 523; Sypert v. McCowen, 28 Texas, 637; Hobby's Land Law, 673, 674.

6. An order to sell one tract does not authorize a deed to be made of another tract. Graham v. Hawkins, 38 Texas, 628; Lindsay v. Jaffray, 55 Texas, 642; Rorer on Jud. Sales, secs. 260, 261, 357; Shriver v. Linn, 2 How., 58; Blossom v. Railway, 3 Wall., 207; Neil v. Hughes, 10 Gill & Johns., 7; Lockwood v. Studevant, 6 Conn., 373; Hill. on Sales, p. 107; Williamson v. Berry, 8 How., 496; 3 Bligh, 188; 9 Vesey, 38.

7. All judicial sales must contain within themselves a proper description of the land sold, and they can not be aided by parol, nor can a court of equity grant any relief in such cases. The distinction in this respect between public and private sales is important. Woodson v. Arlidge, 54 Texas, 395; Wofford v. McKinna, 23 Texas, 36; Dickey v. Beaty, 14 Ohio St., 394; Ward v. Brewer, 19 Ill.; Mahon v. Reeve, 6 Blackf., 215; Ludlow v. Park, 4 Ohio St., 42.

8. The distinction between Banks and Burks, under the rule of idem sonans, is quite as palpable and manifest as that of Faver and Favers, Conrad Furnash and Conrad Furinash, Sixinaris and Sizenoris, and Bankhead and Burkhead, all of which have been passed upon by this court and held to be fatal in the matter of description and notice. Shields v. Hunt, 45 Texas, 427; Faver v. Robinson, 46 Texas, 204; Norris v. Hunt, 51 Texas, 614; Kilpatrick v. Sisneros, 23 Texas, 117, 136; Anthony v. Taylor, 68 Texas, 405.

9. The record of the court alone can be looked to for the purpose of ascertaining what land the court wanted to sell, and the report of sale and order of confirmation must furnish this evidence either by description contained or by express reference to some other part of the record in which such description may be found; and as they do not refer to any other part of the probate record, but purport to represent and show by their own terms the land sold, they alone must determine the question. The land not being described in either the inventory, order of sale, report of sale, or order of confirmation, or elsewhere in the record, title did not pass to John W. Warren. Wofford v McKinna, 23 Texas, 36; Kingston v. Pickins, 46 Texas, 99; Ragsdale v. Robinson, 48 Texas, 396; McDonald v. Red River Co. Bank, 74 Texas, 539; Morris v. Balkham, 75 Texas, 111; McKay v. Bank, 75 Texas, 181; Shriver v. Linn, 2 How., 43; Williamson v. Berry, 8 How., 496; Rorer or Jud. Sales, p. 148, sec. 379; Freem. on Void Jud. Sales, sec. 35; Ludlow v. Park, 4 Ohio St., 42; Mahone v. Reeve, 6 Blackf., 215.

10. The record evidence was the best evidence the nature of the case admitted of, and it was not competent to impeach, contradict, or vary it by parol. Whenever the statute requires a record should be kept the record is the proper evidence of the fact, and the act can only be

proved by the record or a certified copy, and parol evidence is inadmissible. All judicial proceedings of courts having records are provable alone by such records. Bigham v. Talbot & Cropper, 63 Texas, 274; Edwards v. Barwise, 69 Texas, 84; Stafford v. King, 30 Texas, 257; Williams v. Davis, 56 Texas, 250; Houze v. Houze, 16 Texas, 601; Vandergriff v. Piercy, 59 Texas, 372; Railway v. Stealey, 66 Texas, 468; Brown v. Simpson, 67 Texas, 225; Sayles' Civ. Stats., arts. 2263, 2252; Ney v. Mumme, 66 Texas, 268; Hickman v. Gillum, 66 Texas, 314; Battle v. Guedry, 58 Texas, 111; Shanklan v. Corp. of Washington, 5 Pet., 389; Bank v. Dunn, 6 Pet., 51; 1 Whart. on Ev., sec. 65; 2 Whart. on Ev., secs. 982, 995, 1008; 1 Phil. on Ev., p. 425.

11. The rule that interlineations in a deed offered in evidence are presumed to have been made before signing does not apply except when the deed and its surrounding circumstances are free from suspicion; and if such conditions do not exist the deed can not be admitted without satisfactory explanation. Park v. Glover, 23 Texas, 470; Harper v. Stroud, 41 Texas, 372; Tutt v. Thornton, 57 Texas, 35; 1 Greenl. on Ev., 8 ed., sec. 564, p. 697; Id., secs. 568a, 569; 1 Whart. on Ev., sec. 629.

*M. Surratt*, for appellant Surratt.—Ball, Hutchings & Co. procured their claim to the land sued for from the administrator of David O. Warren's estate by a private transaction with and sale made to them by said administrator in fraud of the rights of the creditors and heirs of said Warren, and it was error in the court to charge the jury to find for them (Ball, Hutchings & Co.) against the defendant Surratt, in possession of the land under deeds from one of the heirs of said Warren, and to refuse to submit to them charge number 3 asked by the defendant Surratt on the issue of fraud raised by said Surratt's pleadings. Todd v. Caldwell, 10 Texas, 241; Chrisman v. Miller, 15 Texas, 162; Teal v. Terrell, 48 Texas, 509; Martin v. Robinson, 67 Texas, 381; Rindge v. Oliphint, 62 Texas, 685; Story's Eq. Jur., sec. 105; Fisher v. Wood, 65 Texas, 205.

*Jas. A. Harrison*, for appellees.—1. It is sufficient in judicial sales if in any part of the record a proper description of the thing sold is given; and it is not necessary that all the different instruments or proceedings of record should describe the thing sold correctly. Lindsay v. Jaffray, 55 Texas, 626; Davis v. Touchstone, 45 Texas, 490; Hurley v. Barnard, 48 Texas, 83; White v. Shepperd, 16 Texas, 167; Littell v. Birdwell, 21 Texas, 607.

2. The records of a Probate Court, such as the inventory, order, report, and confirmation of sale, are not conclusive, but may be contradicted by parol testimony. Sawyer v. Boyle, 21 Texas, 39; Evans v. Sawyer, 27 Texas, 44–48.

3.  If the land in controversy was properly described in the lost inventory, though all other papers of record in the probate proceedings described the land incorrectly, so far as description is important a sale would pass title.

4.  In probate proceedings or judicial sales, when the papers of record differ in the description of thing conveyed, evidence dehors the record is admissible to prove which description given is correct, and that the court in its action confirmed or acted upon the particular thing in question; this may be done although the report of sale and confirmation of sale may describe the thing sold incorrectly.

5.  It is not necessary that a petition of sale or order of sale should describe the property to be sold; it is sufficient if the petition pray for sale of all the real estate in general terms, and the order of sale may grant it in the same terms.  In such cases a sale of any property of the estate in question consumes the power of the court, and, irrespective of notice, a second sale of the same would be null and void.  Kingston v. Pickins, 46 Texas, 99; Wells v. Polk, 36 Texas, 120; Kleinecke v. Woodard, 42 Texas, 311.

6.  A deed duly proved and offered in evidence can not be excluded from the jury by the court on inspection, unless it is absolutely void or is evidently for other land than that claimed in the suit.  Ragsdale v. Robinson, 48 Texas, 395; Wilson v. Smith, 50 Texas, 370; Rainbolt v. March, 52 Texas, 246; Steinbeck v. Stone, 53 Texas, 382; Bowles v. Beal, 60 Texas, 322; Murchison v. White, 54 Texas, 78; Mikeska v. Leon & H. Blum, 63 Texas, 44; Montgomery v. Carleton, 56 Texas, 362; Fleming v. Seeligson, 57 Texas, 524; Hudson v. Morriss, 55 Texas, 595; Fisher v. Wood, 65 Texas, 199; 1 Perry on Trusts, sec. 172.

MARR, JUDGE, *Section A.*—This case was before this court heretofore, and the opinion then rendered and adopted by the Supreme Court will be found reported in the fifth volume of the Southwestern Reporter, page 622.  The respective claims of the parties in the suit are correctly outlined in the former opinion as well as the subject matter of the controversy.  The judgment in favor of the present appellant Collins, who deraigns title to the land in dispute under C. E. Douglas, administrator de bonis non of the estate of D. O. Warren, deceased, was then reversed because the record upon the appeal disclosed no order of the court authorizing the administrator to make the sale.  That was the sole question decided upon the former appeal, and the decision was rested mainly upon the provisions of the Revised Statutes.  Upon the last trial this defect in the title of Mrs. Collins was supplied by the introduction of the proper decree of the Probate Court and the other proceedings, authorizing and confirming the sale of the land as well as the deed thereto.  These proceedings are conceded by the parties to be regular and valid upon this appeal.  The judgment and verdict in the

court below were rendered, however, in favor of appellees Ball, Hutchings & Co. upon the last trial, and Mrs. Collins and M. Surratt have appealed.   The trial below occurred on April 25, 1890.

The land in dispute is "the D. O. Warren one-half undivided interest in a survey of land situated in McLennan and Coryell Counties, patented to D. O. and John W. Warren, assignees of Salitha *Banks*, containing 18,345,902 square varas."   Before the administration of Douglas, W. H. Warren had been administrator of the estate of D. O. Warren, and under him both the appellees and the appellant Surratt claim title to the land.   The deeds of Surratt are junior to those under which Ball, Hutchings & Co. attempted to deraign title, and both are older than the proceedings by which the land was conveyed to the plaintiff Collins.   In our estimate of the record, as well as on account of the statements of counsel who argued the case before us, orally, we think that it will not be necessary to a proper disposition of the present appeal to determine the controversies appearing in the record between Surratt and Ball, Hutchings & Co.   They both claim under the first probate proceedings and a sale in virtue thereof to John W. Warren by W. H. Warren as administrator of the estate of D. O. Warren, deceased. If the legal effect of these proceedings, together with the deed from W. H., as administrator, to John W. Warren, was to convey the land in dispute to the latter, and thus divested the estate of the title to the land, it would follow that these proceedings must prevail over the later title of the plaintiff, otherwise her title should be recognized as. the superior.   The appellant contends that the original proceedings in the County Court of Leon County, where the administration was pending, show clearly and distinctly that the land in controversy was not sold or conveyed to John W. Warren, but on the contrary that instead of the S. *Banks* survey, it was the S. *Burks* survey—entirely different land —which was ordered to be sold and in fact was sold to said Warren, and that parol evidence is not admissible in such state of the record.

To further illustrate the points at issue, we will insert the statement made by appellants' counsel under the second assignment of error, which as to matters of fact is not disputed and which we find to be supported by the record.   It is as follows:

"D. O. Warren died in Leon County in 1869, and his estate was administered by his son W. H. Warren, who was duly appointed and qualified.   W. H. Warren filed an inventory.   This inventory does not contain any allusion whatever to the land in controversy, but it does contain mention of the S. Burks one-third league in McLennan County. The original inventory is shown to have been lost or abstracted.

"But it is proved by the clerk of the court and one other witness (plaintiff's attorney) that the original inventory did not contain the S. Banks survey, and that it was correctly copied in that respect upon the record.   A careful comparison was made by these witnesses of the orig-

inal with the record of the same. This inventory is shown by a certified copy taken while the original inventory was in the office, and was the same read in evidence by the defendants Ball, Hutchings & Co.

"The report of sale was never lost; it is in the office yet; and this report made of a sale under which appellees claim does not mention the S. Banks survey, but it does mention an S. Burks one-third of a league in McLennan County. The only matters of description contained in the report of sale are, (1) the name; (2) the amount of the land; (3) the locality. In neither of these three particulars is the land in controversy described: (1) the name is essentially different; (2) the quality and character of the estate sold is different; (3) the locality is different—about one-half the land in controversy is in Coryell County and only one-half in McLennan County.

"Fourteen hundred and seventy-six acres in McLennan County, S. Burks headright, does not describe undivided half of 18,345,902 square varas (about 3249 acres) in McLennan and Coryell counties. The order of court confirms only the sale as reported, and makes no allusion or reference to any other paper or record for description or otherwise.

"The defendants were allowed, over objections, to introduce evidence to the effect that the sale was advertised of the Banks and not Burks; that it was cried and called the Banks when being auctioned off, and that one of the appraisers thought it was put on the appraisement as Banks; that it was called Banks in the talk at time of appraisement; but the deed they offer in evidence from W. H. Warren, administrator, of date December 1, 1870, proved for record 13th February, 1871, but not recorded till 13th April, 1874, the original of which we herewith present to the court, shows that this land was described as 1476 acres S. Burks headright, situated in McLennan County, and thereafter interlined and changed with paler ink, whereby Burks is converted into Banks, and Coryell County is inserted and an "s" added to county, so as to make it read 'McLennan and Coryell countys.'"

The original deed is before us, having been sent up by order of the District Court, and the appellant correctly describes its appearance and the alterations or changes in the terms.

The first assignment of error is that "The court erred in admitting the certified copy of the inventory of W. H. Warren, administrator of D. O. Warren's estate, also report of sale, order of sale, and order of confirmation, because it nowhere appeared that the land in controversy had been inventoried or ordered to be sold, or reported sold or confirmed, and said evidence was misleading and calculated to confuse the jury, and was irrelevant and incompetent to show a sale of the land as claimed by the defendants, as fully shown by plaintiff's bill of exceptions on file." [Submitted as a proposition.]

The third and fourth assignments of error may be disposed of in connection with the foregoing assignment. They are as follows: "The

·court erred in admitting the evidence of W. D. Wood, B. F. Burroughs, and others, over plaintiff's objections, as to the name of the land cried at the sale, or advertised to be sold, or talked about while making the appraisement, because such evidence was irrelevant and incompetent as affecting the issue of the case, and was calculated to confuse and mislead the jury into the mistaken notion that it was within their province to determine the intentions of the administrator to sell the land in controversy, and thus decide if such intention existed; they could thereby infer that the administrator so reported, and that the court so intended to confirm the sale, and thus overturn and disregard the record of the court made in such administration, as fully shown by bill of exceptions on file." [Treated as a proposition.] And also, "in admitting over the plaintiff's objections the testimony of W. A. Cassaday, that there is no survey of land in McLennan County in the name of S. Burks," because the record could not be changed or contradicted by parol, and the records are the best evidence of what land was sold, etc.

The action is one of trespass to try title, and was instituted by Mrs. Collins on July 8, 1882.   All of the proceedings of the Probate Court which eventuated in the sale of the land to J. W. Warren described it as the S. Burks or "S. Burks headright." The report of sale so discribed it, and the Probate Court simply declared that the report was ·"examined, confirmed, and approved," etc., without any description of the land.   None of the proceedings refer to the patent or any record or other writing for the purpose of the identification of the land.

The power of the administrator to convey the land of an intestate is derived from the court.   Ball v. Collins, 5 S. W. Rep., 622.   He can convey only that which the Probate Court has, in the manner prescribed by law, authorized him to convey.   We do not doubt that in a proper case the order of sale or other parts of the record might be aided by reference to the inventory, or that the whole record in reference to the sale or any part thereof might be looked to in case of uncertain or conflicting descriptions of the land in the record, in order to identify the property thereby conveyed.   Likewise, in case of latent ambiguity, where the proceedings refer to other records, deeds, or writings, etc., resort could then be had to such extrinsic evidence.   Hurley v. Barnard, 48 Texas, 88; Davis v. Touchstone, 45 Texas, 490; Lindsay v. Jaffray, 55 Texas, 642.   But in the present instance these rules do not apply.   Here is neither a latent nor a patent ambiguity.   There is a total misdescription of the land in dispute, and other distinct land, so far as the record of the proceedings disclose, is plainly described.   In such case we can only arrive at what the court *intended* by what the court *did*, as manifested by its own records.   To give effect to a supposed intention of the court, wholly *unexpressed* in any of the proceedings, would be not only to contradict the records but in effect to pass the title to

the land by parol.   Other land than that which is clearly described in the proceedings can not be engrafted into these records for the purpose of showing that it was in fact the land *intended* to be sold.   Watts v. Howard, 77 Texas, 71.   The proceedings in the Probate Court were therefore irrelevant and did not support the deed of the administrator to John W. Warren, because they do not describe the land in controversy at all, or anywhere, unless *"Burks"* and *"Banks"* are the same name.   They plainly are not, neither are they idem sonans any more than "Burkhead" and "Bankhead."   Anthony v. Taylor, 68 Texas, 405.   But the appellee contends, that as the original inventory has been "lost or abstracted," parol evidence should be admitted to prove the contents of the original.   He introduced a certified copy, from the minutes of the Probate Court, of the inventory, which was duly certified to by the clerk as "a true and correct copy," etc., on the 27th day of November, 1882.   This copy, like all of the proceedings as well as the testimony of the clerk as to the contents of the original, describes the land as Burks, not Banks.   The appellee offered no "examined copy" of the original inventory, even if that would have been admissible, which, however, we are not required to decide.   Lanier v. Perryman, 59 Texas, 104. .

The inventory of the property of the estate of a decedent is required by law to be recorded in the minutes of the Probate Court, and when so recorded becomes a record of the court.   Rev. Stats., arts. 1795, 1799, 1918.   The manifest purpose of the law in requiring a record to be made of this or other proceedings in the County Court in reference to an estate is to preserve in a permanent form evidence of the originals, in case they should be lost or destroyed.   Certified copies of such records are admissible under the statute, "where the records themselves would be admissible."   Rev. Stats., art. 2252.   Certainly, therefore, when the original document is lost, the record or a copy therefrom would be the next best evidence of the contents of the original, and the best evidence of which the case is susceptible ought always to be offered, to the exclusion of all other of a weaker and less certain character.   Williams v. Davis, 56 Texas, 250; Allen v. Read, 66 Texas, 19.

If the original could be produced and was found to conflict with the record as made by the clerk, it would perhaps control, and could be used to correct any clerical mistakes made in recording it; but to allow such corrections or contradictions of the record to be made by the mouths of witnesses would contravene many well settled rules of evidence.   The law does not contemplate that the intention or proceedings of a court of record, or the evidence of title to land derived through a judicial sale, shall be hidden in the minds of men, or depend solely upon their fallible memories.   In an opinion delivered by this court and adopted by the Supreme Court, it was held that where the original inventory was lost a certified copy from the record was the best evi-

dence of its contents, and that parol evidence was not admissible. This was a determination of the precise point in hand, and adversely to appellees. Roberts v. Connellee, 71 Texas, 11. We have only gone into this subject because counsel have discussed it as if it were still an open question so far as the exact point is concerned.

We conclude that the court erred, for the reasons already given, in admitting in evidence the proceedings of the Probate Court mentioned in the first assignment of error, and in not excluding the testimony of "W. D. Wood, B. F. Burroughs, and others," etc. For similar reasons the evidence of W. A. Cassaday, before adverted to, was inadmissible in this case. Proof that there was no survey in the name of S. Burks in McLennan County did not show that the S. Banks survey had been sold, in the face of the records of the Probate Court to the contrary.

The fourteenth assignment of error is to the effect that "the court erred in admitting over objections of plaintiff the deed of W. H. Warren, administrator, to John W. Warren, because of interlineations and material changes," etc. We have already stated the appearance of the deed, and the interlineations. The appellant contends for the following proposition of law under this assignment, viz.: "The rule that interlineations in a deed offered in evidence are presumed to have been made before signing does not apply except when the deed and its surrounding circumstances are free from suspicion; and if such conditions do not exist, the deed can not be admitted without satisfactory explanation."

We think that this is a correct statement of the law under the facts of this case, and, in view of the conflict in the terms of the deed as altered, with the description of the land as given in the probate record and proceedings. Without explanation of the changes in the terms of the deed, it ought to have been excluded. Park v. Glover, 23 Texas, 470; Dewees v. Bluntzer, 70 Texas, 406; Harper v. Stroud, 41 Texas, 372.

The plaintiff's counsel asked the following instructions to the jury, among others, viz.:

"1. That the record shown by the C. E. Douglas administration entitled plaintiff to recover, and that the record of the W. H. Warren administration failed to show title to have passed to appellees.

"3. That by the uncontradicted evidence of the case, the administrator W. H. Warren reported the sale of the S. Burks survey, and the Probate Court of Leon County confirmed the sale as reported, and in no other way, as shown by the certified copy of the decree; therefore no title passed of the Salitha Banks survey, and the land remained a part of the D. O. Warren estate, and that the probate proceedings of the sale by C. E. Douglas, being in all respects regular, had the effect to pass the title to plaintiff.

"These charges were all refused. The C. E. Douglas administration is shown to be complete in every respect."

The plaintiff assigns as error the action of the court in refusing to allow these charges. We think that they ought to have been given. It was the duty of the court to construe the records and proceedings of the Probate Court which have been introduced in evidence, and to declare their legal effect to the jury.

The effect in law of the proceedings in the Probate Court of Leon County, under which Ball, Hutchings & Co. claim, was, as we have already held, to convey (if anything) the S. *Burks* survey, which is not the land in controversy. The parol testimony offered by appellees, as we have also seen, could not change this result nor alter nor contradict the records and proceedings in the Probate Court. The appellees, therefore, in legal contemplation, were left to depend entirely upon the administrator's deed in support of the sale to John W. Warren. The deed became as a conveyance insufficient and void for want of power in the administrator to convey land not ordered to be sold or conveyed by the Probate Court, and the sale of which had not been confirmed by that court. This state of the case entitled appellant Collins to an instruction to the jury to find a verdict in her favor.

Other matters in the rulings of the court below complained of as error by the plaintiff's counsel will not likely occur again upon another trial.

The appellees present a cross-assignment of error to the exclusion of certain letters written by one Barnes, deceased, who it is claimed wrote the original inventory, in order by comparison to show that the name was really written Burks, as the writer was in the habit of making an "a" like "u" and an "n" like "r." As the original inventory was not produced there could be no comparison of the handwritings, etc. The court correctly excluded this testimony for this reason, and for other reasons already given under the third and fourth assignments.

We think that on account of the errors before indicated the judgment should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted November 17, 1891.


A motion for rehearing was refused.