### DANIEL S. CORLEY v. FRANK GOLL ET AL.

#### No. 416.

1. **Probate Proceedings—Presumption.**—In an action involving a collateral attack on probate proceedings, there was shown an order appointing an administrator de bonis non, but the petition therefor, if any, was absent from the files. *Held*, that the order granting the letters would presume a valid petition therefor.

2. **Same—Administrator de Bonis Non.**—A recital in an order appointing an administrator de bonis non, that the former administrator "had died without closing the business of the estate," implies the existence of debts against the estate, and is sufficient in a collateral attack on the order, in the absence of proof to the contrary, to justify the presumption that the court found that debts existed.

3. **Same—Limitation—Presumption of Payment.**—It will not be presumed from the duration of the administration of a decedent's estate that the debts against the estate have been settled or barred by limitations, as debts established against such an estate are not, pending the administration, subject to the statute of limitations.

4. **Same—Misdescription in Order of Sale—Effect of Confirmation.**—Where an order for the sale of the lands of an estate to pay debts improperly describes the land, but the decree of confirmation properly describes it, and shows that the description in the order of sale is a clerical error, and that it was intended to apply to the land described in the decree, and the title derived from the sale has long been recognized without question, the error will not be considered on a collateral attack.

APPEAL from Bexar.    Tried below before Hon. W. W. KING.

*James B. Goff*, for appellant.—1.    Probate Courts have no jurisdiction to appoint administrators of their own motion, and their jurisdiction can only be called into exercise by the presentation of a petition showing the existence of such causes as the statute prescribes as authorizing the appointment of an administrator, viz., debts or other obligations of the decedent; and the only cause shown in the petition on which the grant of letters to Stribling was based was not one of said causes. Paul v. Willis, 69 Texas, 264; McNally v. Haynes, 59 Texas, 585; McMahan v. Rice, 16 Texas, 537; Pasture Co. v. Boon, 11 S. W. Rep., 544; Duncan v. Veal, 49 Texas, 603–610; Freem. on Void Jud. Sales, sec. 2; Hart. Dig., art. 1088; Rorer on Jud. Sales, 237–242.

2.    An administrator has no general power to sell the land belonging to an estate, but can only legally do so by authority of a valid petition ·

and order of the Probate Court, and a sale by him without such petition or order, or of property not authorized by order of court to be sold, or of a different parcel than that which he is directed in such order to sell, is void, and no confirmation can validate it. Trousdale v. Executors, 35 Texas, 759; Finch v. Edmonson, 9 Texas, 512–515; Withers v. Patterson, 27 Texas, 501; Duncan v. Veal, 49 Texas, 603–610; Rorer on Jud. Sales, secs. 10, 477.

3. If the order of confirmation was admissible (when offered) without an order to sell the property therein described, it was error to consider the same as a basis for the execution of the deed, after the illegality of the appointment of Stribling as administrator had been shown by the record evidence; and that the sole object for which he was appointed was not one prescribed or contemplated by the statute authorizing the granting of letters, and after it had been shown that the land sold was not the land described in the order of sale recited in the deed, as authority for making it. Same authorities as under last proposition; and also Fisk v. Norvel, 9 Texas, 13; Pryor v. Downing; 50 Cal., 398; Withers v. Patterson, 27 Texas, 497; Stegall v. Huff, 54 Texas, 193.

*George C. Altgelt*, for appellees.—1. The County Court having acquired jurisdiction over the estate of H. W. Karnes, deceased, had authority, upon the death of the administrator Luckie, to appoint an administrator de bonis non, and the order granting such administration reciting the presentation of a petition for such letters, it must be presumed after thirty years, and in the absence of the petition, that the petition alleged legal and sufficient cause therefor. Hart. Dig., art. 1127; Guilford v. Love, 49 Texas, 717; Hurley v. Barnard, 48 Texas, 83; Saul v. Frame, 22 S. W. Rep., 984; 3 Texas Civ. App., 596; Lyne v. Sanford, 82 Texas, 59.

2. The confirmation of the administrator's sale and administrator's deed thereunder control the order of sale and passed title even without any order of sale. Butler v. Stephens, 77 Texas, 603; Tom v. Sayers, 64 Texas, 341.

JAMES, CHIEF JUSTICE.—It is not questioned that the administration originally granted to Luckie was valid, but it is contended that the letters to Stribling de bonis non were void because there was no petition showing legal cause for his appointment, and because the order appointing him discloses no legal ground therefor.

From an examination of the record before us, we do not find the petition included in the papers introduced, but the order of appointment of Stribling states, that the appointment was sought because Luckie had died two or three years previous, "without closing the business of the estate, and that it was necessary to protect and secure the property of the estate that a new administrator be appointed."

It also appears that the administrator Stribling sold other property during his administration, though for what purpose does not appear, and the inference would be that it was for the payment of debts, and some other debt than the one for which the land here in question was sold.

We can not regard the administration granted to Stribling as unauthorized, on any of the grounds suggested. The order granting letters would presume a valid petition therefor in its absence from the files, and the order indicates that it was granted because the administrator had died "without closing the estate," and not solely because "it was necessary to protect and secure the property of the estate." That the business of the estate was not closed, is an expression broad enough to imply the existence of debts. This must be taken as sufficient in this collateral form of action, for the court entering the order would be presumed to have found facts justifying its entry, in the absence of proof that there were no debts. All the presumptions are in favor of the legality of the proceedings in this form of attack. Nor will the presumption be indulged for the purpose of disproving the jurisdiction of the court granting letters de bonis non, that, from the duration of an administration, all debts of the estate have been settled or barred by limitation. Debts established are not subject to the statute, pending the administration. These remarks dispose of the questions raised by appellant touching the jurisdiction of the court to grant letters to Stribling.

Another question, and one involved in greater difficulty, is presented in the contention that the descriptions of the land in the order of sale and in the order of confirmation are not the same. The order of sale, after reciting that application had been made for an order to sell a portion of the one-fourth of the headright of Levi Kneipp which was set apart in a partition to said estate, directs the sale of "400 acres off the southwest corner of the tract known as survey number 11, on the Salado Creek, in Bexar County, patented to Levi Kneipp." The portion that had been set apart to the estate was that fourth of the league taken off its northeast side, and consequently a description of land off the southwest corner of the league would not embrace any part of it. The report and the confirmation of sale were of "400 acres out of the northwest corner of the league, patented to Louis Kneipp, * * * the said 400 acres to be taken off the west or upper end of the portion of said league set apart to the estate by decree," etc. The deed from the executor to the purchaser, I. A. Paschal, described the land as it was described in the latter order, and this is the land now involved. Appellant contends that there was no order of sale of this property, and that the administrator's deed conferred no title; in other words, that for this the sale was void.

It was not really necessary, as we view the case on another point, to decide the question of whether the order of sale is an essential part of a title derived through an administrator, or whether the purchaser is

bound to look beyond an order of confirmation which in itself shows the proceedings to have been regular. We are strongly inclined to the opinion that where such a sale is brought into question in a collateral manner, the decree of confirmation should protect the purchaser and be preclusive of all questions, save that of the jurisdiction of the court over the estate, which, as we have seen, the court had in this instance. It is possible for a sale to be reported and confirmed without any previous order having been made, and the interested parties be content with the transaction; and it would seem a vicious principle that would admit of their allowing the sale to be perfected when by an appeal they could have it avoided, and afterwards avail themselves of the defect in a collateral suit for the property against, as in this case, remote purchasers. The court, however, found that the order of sale was intended to apply to the same land that was mentioned in the decree of confirmation, and that the difference in description was a clerical mistake, and we think the conclusion an admissible one under the evidence. If the order of sale had designated the tract as in the northwest portion of the league, instead of the southwest portion, the descriptions would not have been substantially different. This case is unlike the one reported in 82 Texas, 266, Collins v. Ball, Hutchings & Co. There the land conveyed by the administrator was not described in either the order of sale or of confirmation, or in any part of the proceedings, and it was held that the record could not be contradicted to show that the court intended to sell the land which the administrator conveyed. There was no order of any kind in reference to the land deeded. Here the final inquiry and adjudication by the court, evidenced by the order of confirmation, which referred to the particular order of sale as the one by virtue of which the sale had been made, indicates upon the face of the record a mistake in the order of sale in the matter of calling for the southwest corner of the league instead of the northwest. The order itself indicates this as a mistake in stating in its recitals that the land asked to be sold was a portion of the one-fourth of the league which had been set apart to the estate. As the tract allotted to the estate was at the opposite end of the league from the southwest and southeast corners, and extended from what might be called the northwest to the northeast corner, the order bears some intrinsic evidence that the call for land off the southwest corner was an inadvertence. That such mistakes may readily occur in practice is common experience. These considerations, and the fact that the administrator, as well as the court confirming the sale, regarded the order of sale as relating to the land he conveyed, and the length of time the deed has been acted upon without question, would, it seems to us, be sufficient to authorize the conclusion by the court in this character of suit, that the order was intended to and in fact did relate to the land in question. Instances of this kind have occurred, and authorities in harmony with this view of the question are not wanting. See Vanfleet on Collateral Attack, 834.

It seems the sale was made for the purpose of paying the expenses incurred in recovering the one-fourth of the league from the original grantee Kneipp, attorney's fees, etc. It does not appear that the administration de bonis non is open to the criticism that it was an attempt on the part of Stribling to administer the estate of Karnes for the benefit of himself and his attorney, for it appears that the greater part of the attorney's services had been rendered during the previous administration, and the propriety of paying for the same out of the estate can not be questioned.

Nor does the administrator's account to which our attention is directed show that the consideration for the administrator's deed was not paid.

The account referred to was filed in February, 1861, and the deed from the administrator to Paschal was not executed until October 28, 1862, and it is not likely that the consideration would be paid until then. These questions are not of any importance in the disposition of the case, and are mentioned only in deference to the arguments.

The judgment will be affirmed.

*Affirmed.*

Delivered September 12, 1894.

Writ of error refused.