### TINNEY et al. v. WAGGONER.

(Court of Civil Appeals of Texas. Ft. Worth. April 22, 1911. Rehearing Denied May 27, 1911.)

PUBLIC LANDS (§ 173*)—SALE—RESCISSION—ACTS CONSTITUTING.

Where a county, contracting to sell land claimed it for a school fund, subject to the right to rescind for nonpayment of installments, subsequently conveyed the identical land by metes and bounds to a third person, the subsequent conveyance operated to rescind the contract of sale, and the third person acquired title as against the purchaser in the contract.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 544–551; Dec. Dig. § 173.*]

Appeal from District Court, Baylor County; A. H. Carrigan, Judge.

Action by W. T. Waggoner against Joseph Tinney and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Tandy & Hosey, for appellants. Stephens & Miller and Montgomery & Britain, for appellee.

SPEER, J. This is an action of trespass to try title, the full nature of which may be seen from an examination of the opinion of the Supreme Court on writ of error to our judgment on a former appeal. Waggoner v. Tinney, 102 Tex. 254, 115 S. W. 1155. On the last trial the court peremptorily instructed a verdict for the plaintiff, and the defendant M. W. Ayres, to whom defendant Joseph Tinney reconveyed the land September 14, 1906, has appealed.

In the opinion referred to the Supreme Court say: "By a judgment rendered in the suit of Lizzie A. De Witt against Ayres, in which Ayres called upon Young county to

defend its title, the legal title to the land was vested in Young county, and Ayres continued to hold possession under the bond for title as vendee of the county. The county claimed the land for the school fund which it held in trust. Therefore the judgment established its right as a trustee to that land, and the title vested in the school fund, notwithstanding the land was not embraced in the grant originally made for that purpose. Tinney received the title to the land from Ayres. Therefore he stands in the same relation to the county that Prestridge and Ayres occupied, holding the land subject to the payment of the note given by Prestridge, and also subject to the option of the county to rescind the sale in case of failure to pay the interest or principal. If the deed made by the county to Waggoner had the effect to convey that tract of land to him, and Young county intended so to convey it, then it rescinded the sale made to Prestridge and vested the superior legal title in Waggoner, if the facts authorized a rescission." The judgment was then reversed by the Supreme Court, suggesting that Young county should be made a party to the suit, at the same time saying: "The question upon which this case turns is: Did the deed from the county to Waggoner have the effect, as between him and the county, to convey the land in suit? The trial judge found from the evidence that the land in question was not within the boundaries given in the deed to Waggoner and in the patent. That finding is conclusive upon this court. The district judge ignored the intention of the parties, and decided the case upon the theory that the conveyance was limited to the metes and bounds given in the deed. If it was understood between the parties at the time Waggoner bought that this land was a part of the Young county survey, and the county intended to convey it, then the effect of the deed would be to convey to Waggoner the title of the county."

On the former appeal we prepared no written opinion (merely adopting the trial court's findings of fact and conclusions of law); but the view we took of the question last discussed by the Supreme Court was induced largely by our construction of the case of Watts v. Howard, 77 Tex. 71, 13 S. W. 966, wherein the Supreme Court had said: "The deed from Warren to Perkins, through which plaintiff claims, does not convey to the grantee the land in controversy; and it is not competent, in an action of trespass to try title, to show that it was intended to embrace land not in fact included in the description. If an action had been brought against Warren by Perkins for a reformation of the deed, the evidence introduced to show the mistake would have been sufficient to warrant a decree in his favor." See, also, Collins v. Ball, 82 Tex. 259, 17 S. W. 614, 27 Am. St. Rep. 877; Sloane v. King, 29 Tex. Civ. App. 599, 67 S. W. 541. Upon the question of the binding force of the judgment in the Lizzie De Witt Case, we thought, since Young county and Ayres were not adversary parties in that suit, the judgment therein had no binding force against them as between themselves. But in view of the language above quoted, and in view of the fact that prior to the last trial Young county executed to Waggoner a deed conveying the land by metes and bounds, thus putting the question of rescission beyond dispute, we think the trial court could not have done otherwise than to instruct a verdict for the plaintiff; the facts otherwise being the same as they formerly were.

The judgment is therefore affirmed.