SHIELDS et al. v. PERRINE et al.   (No. 490.)*

(Court of Civil Appeals of Texas. El Paso. Dec. 2, 1915. On Rehearing, Jan. 6, 1916.)

1. EVIDENCE ☜460—PAROL EVIDENCE RULE —ADMISSIBILITY.

Plaintiffs' mother died seised of the east one-half of a survey of land. During their minority their father, who had a life estate in one-third of such land, applied to the probate court for an order to sell their land. The original report described the land as being the east half of survey No. 1, but the clerk, in recording it, substituted "west" instead of "east." The order of confirmation followed the error. The inventory and appraisement in the guardianship showed that the land of the infants was the east half of survey No. 7. *Held,* that parol evidence was admissible to show that there was only one survey of the name specified, and that it was the only parcel of land owned by the plaintiffs during infancy; the record in such case showing on its face an ambiguity.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2115–2128; Dec. Dig. ☜460.]

2. TRESPASS TO TRY TITLE ☜40—ACTIONS— EVIDENCE.

Where, in trespass to try title, both parties went back to a common grantor, defendant asserting that plaintiffs' title had been divested by sale during their minority, while under guardianship, evidence of the minutes of the probate court in the guardianship proceedings, approving and confirming the sale, as well as the deed of the guardian, are admissible.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 55–61; Dec. Dig. ☜ 40.]

On Rehearing.

3. TRIAL ☜399—CONCLUSIONS OF LAW—ERRORS.

Where the judgment was proper and the conclusions of law were simply comments on the probative force of the facts found, the judgment will not be interfered with on account of errors in the conclusions.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 948; Dec. Dig. ☜399.]

Appeal from District Court, Jeff Davis County; W. C. Douglas, Judge.

Trespass to try title by Owen B. Shields and others against Thos. L. Perrine and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

J. R. Hill, of Ft. Davis, for appellants. J. A. Gillett, of El Paso, for appellees.

WALTHALL, J. This was an action of trespass to try title, which was brought by the appellants, Owen B. Shields, John P. Shields, Mamie J. Robinson (née Shields) joined by her husband, pro forma, G. C. Robinson, against Thos. L. Perrine, and W. E. Berry, appellees, in which appellants seek to recover of appellees the east 80 acres of a 160-acre tract of land in Jeff Davis county, patented to John B. Shields, by patent No. 365, vol. 10, and described by metes and bounds. The appellees pleaded not guilty and the statutes of limitation. The case was tried without a jury. The trial judge made and filed the following as his conclusions of fact, which we adopt as our own:

### "Findings of Fact.

"(1) On September 1, 1885, Susan Shields, the wife of John B. Shields, acquired the title, as her separate property, to the east one-half of survey No. 1, known as the John B. Shields pre-emption in Jeff Davis county (being the land involved in this suit) by regular chain of title from the sovereignty of the soil.

"(2) On September 17, 1886, the said Susan Shields died intestate. She left surviving her, her husband and four minor children, one of said children having died shortly thereafter, leaving the plaintiffs as her only surviving children.

"(3) By deed dated November 2, 1891, John B. Shields, the surviving husband, conveyed to George H. Perrine an undivided one-third interest in and to the east half of said survey No. 1, during the life of the grantor (being the interest acquired by said Shields through inheritance from his wife's estate).

"(4) George H. Perrine went into immediate possession of said east half of survey No. 1, and shortly thereafter erected a fence around the same, and continuously thereafter used said land for farming and grazing purposes up to the time of the sale thereof by him.

"(5) By deed dated February 20, 1912, George H. Perrine conveyed the east half of said survey No. 1 to Tom L. Perrine, who took immediate possession thereof, through tenant, and has had a tenant in continuous possession thereof, up to the time of trial, using and cultivating the same as the said George H. Perrine had done.

"(6) On October 17, 1887, John B. Shields qualified in the county court of Jeff Davis county, Tex., as the duly qualified and acting guardian of the estates of Owen B. (aged 11), Mamie J. (aged 8), and John P. (aged 7), his three minor children.

"(7) The inventory and appraisement in said guardianship showed said estate to have on hand '80 acres of land in Jeff Davis county, being the east half of survey 7, and known as John B. Shields homestead survey.'

"(8) On January 12, 1888, the county court of Jeff Davis county, sitting in probate, authorized the sale of the aforesaid land by the guardian, under the description aforesaid. The application for said sale and the citation issued thereon also gave the aforesaid description of said land. Said authority to sell was continued from term to term until October 2, 1891, when the guardian filed a report of sale of said land to George H. Perrine. The original report of sale described said land as being the east half of survey No. 1, known as the John B. Shields homestead, but the clerk, in recording said report upon the minutes, erroneously transcribed 'east' to read 'west.'

"(9) On October 14, 1891, the said court confirmed the aforesaid sale by order upon the minutes in part as follows: 'This day came on to be considered the report of the sale of land by John B. Shields, guardian of the persons and estates of Owen B. Shields, Mamie J. Shields, and John P. Shields, minors, made by virtue of an order of sale made by this court on the 12th day of January, 1888, of the following described lands, to wit' [said land was described as being the 'west' half of survey No. 1, instead of the 'east' half].

"(10) Under date of November 2, 1891, the said guardian conveyed 80 acres of land in Jeff Davis county, being the east half of survey No. 1, known as the John B. Shields pre-emption survey by deed, based upon the aforesaid confirmation order, to G. H. Perrine.

"(11) The said G. H. Perrine and the said Tom L. Perrine have, respectively, from year to year, as they accrued, paid all taxes due upon said land.

"(12) The said survey No. 1 (the east half of which is involved in this suit) was patented to John B. Shields, and the patent shows that it was a pre-emption survey. Under the undisputed evidence there was only one John B. Shields pre-emption survey in Jeff Davis county, and this was survey No. 1.

"(13) The west half of survey No. 1 was subdivided into blocks and lots. John B. Shields lived, until he sold, on the west half of survey No. 1. Certain blocks and lots are inventoried in the guardianship estate, along with the east half of survey No. 1, and the same were sold by the guardian at the same time and in the same deed with the sale of the east half of survey No. 1, and were involved in all the probate proceedings, along with the east half of survey No. 1, the description being the same in all of the instruments.

"(14) The defendant W. E. Berry's only interest in this suit is that he was trustee in a deed of trust given by defendant, Tom L. Perrine, on the land in controversy."

On the foregoing facts the trial court rendered judgment for the land in controversy in favor of appellee, Perrine, and in favor of Berry for his costs.

[1] On the trial of the case, the court permitted James Stewart to testify that he was well acquainted with the pre-emption surveys in Jeff Davis county and that there was only one pre-emption survey in said county in the name of J. B. Shields, and that the number of said survey was No. 1, and that there was no pre-emption survey numbered 7 in said county in the name of J. B. Shields. Appellants make the admission of this evidence the basis of their first assignment of error, and insist that the records themselves are the best and only evidence of what land was sold, and that the evidence of the witness was a change, contradiction, and impeachment of the record by parol. It will be seen from the above findings of fact that the controversy in this case grows out of the discrepancies in the probate proceedings, in the matters of description of the lands of the estate of said minors in an effort to make sale of said lands by order of the probate court. John B. Shields acquired title to 160 acres of land in Presidio county, now Jeff Davis county, the description of said land in the patent being survey No. 1 and as a pre-

emption survey, and the estate owned 80 acres of land, the east one-half of said survey No. 1, subject to an estate for life, in John B. Shields, the father and guardian of the persons and estates of said minors, in one-third of the lands of the estate, with remainder to said minors and their descendants. Subsequent to the order of the probate court, confirming the sale reported by the guardian in 1891, John B. Shields conveyed his estate for life and as guardian of the estate of said minors, and, based on the confirmation order of sale of the probate court, conveyed to George H. Perrine, father of appellee, "in Jeff Davis county, the east half of survey No. 1, known as the John B. Shields homestead or pre-emption survey." Perrine went into possession, and he and appellee have since then continuously remained in possession, cultivating and using same and paying the taxes due thereon. In the latter part of the twelfth finding of fact, the trial court found that "under the undisputed evidence, there was only one John B. Shields pre-emption survey in Jeff Davis county, and this is survey No. 1," and the agreed statement of facts brought up to this court, instead of the testimony of the witnesses, in the latter part of the seventeenth paragraph, in addition to the findings of the trial court above, adds to that finding the following:

"And there is no pre-emption or homestead survey in Jeff Davis county numbered 7 in the name of John B. Shields."

It is presumably to these facts that the witness Stewart testified. The cases to which we have been referred as sustaining appellant's contention are not in point, but are cases in which there is a total want of description, or no ambiguity in the description given, or conflict in the calls which suggest a mistake. To sustain the assignment, we must hold that the evidence of Stewart was irrelevant, immaterial, and incompetent, and changed, contradicted, or impeached the records in the probate proceedings. In Collins v. Ball, Hutchins & Co., 82 Tex. 266, 17 S. W. 614, 27 Am. St. Rep. 877, to which we are referred, the land in dispute was "the D. O. Warren one-half undivided interest in a survey of land situated in McLennan and Coryell counties, patented to D. O. and John W. Warren, assignees of Salitha Banks, containing" (a given area). All of the proceeding of the probate court which eventuated in the sale of the land to Warren described it as the "S. Burks" or the "S. Burks headright." The Supreme Court held that the probate proceedings did not describe the land at all, unless Burks and Banks are the same name, and held that they are not, neither are they idem sonans, and that "proof that there was no survey in the name of S. Burks in McLennan county did not show that the S. Banks survey had been sold, in the face of the records of the probate court to the contrary." In that case the court held that there was a total misdescription of the land in dis-

pute, and other distinct land plainly described; that in case of conflicting descriptions of the land in the record, in order to identify the property conveyed, or in case of ambiguity where the proceedings refer to other records, resort could then be had to extrinsic evidence. In Watts v. Howard, 77 Tex. 71, 13 S. W. 966, the Supreme Court said:

"There being no ambiguity or conflict in the calls which suggest a mistake, it may be doubted whether, in a proceeding of this character [trespass to try title, but involving only a boundary question] it was competent to show by parol testimony that the surveyor made a mistake in calling for that corner."

Which testimony, if admitted, would show that the deed under which the plaintiff claimed was intended to embrace land not in fact included in the description. It seems to us that, as said by the Fourth Court of Appeals in Corley v. Goll et al., 8 Tex. Civ. App. 184, 27 S. W. 819, the orders made by the probate court and the conveyance of the land involved in this suit, both of his own interest and that of his minor children, as guardian, based on the order of sale, fairly indicates upon the face of the records a mistake in the orders, in some a mistake in the number of the pre-emption survey and in others a mistake in calling for the west half, instead of the east half, of the John B. Shields pre-emption survey. Evidently both the probate court confirming the sale and the guardian conveying regarded the order of sale as relating to the land conveyed, and the length of time the deed made has been acted upon without question, would, it seems to us, be sufficient to authorize the conclusion by the trial court in this character of suit that the order of sale was intended to, and did, relate to the land in question. As to the order of sale, the court found that the mistake was made in transcribing the order to the minutes and in transcribing wrote "west" instead of "east." It is just such conditions as we find here, mistake and ambiguity, that authorize the introduction of parol testimony, not to contradict or impeach the records, and the evidence does not have that effect, but to establish facts from which the mistake can be shown. If there was only one John B. Shields pre-emption survey in Jeff Davis county, containing 160 acres of land, and that No. 1, the court could rightly conclude that it was a mistake to describe it as No. 7.

In the case of Allen et al. v. Read et al., 66 Tex. 13, 17 S. W. 115, in which there was some difference in the way in which the name of the original grantee, Aughinbaugh, was spelled in some of plaintiff's deeds, our Supreme Court held that the trial court properly admitted the testimony of the county surveyor that there was but one Aughinbaugh league in Houston county.

The case of Waterhouse et al. v. Gallup et al., 178 S. W. 773, is somewhat similar to the case at bar, and in that case, the Court of Civil Appeals said that:

"The application of the description to the land conveyed by a deed must always be shown by extrinsic evidence. * * * Unless, from an inspection of the deed, it appears that the description is so indefinite and uncertain that it cannot, by extrinsic evidence, be made to apply to any definite land, the deed is not void for insufficiency of description."

The assignment is overruled.

[2] The remaining assignments and the several propositions thereunder submit as error in the trial court permitting the introduction and consideration as evidence by the trial court of the minutes of the probate court in the matter of the guardianship proceedings of said minors, and the orders of the county judge, sitting in probate, approving and confirming the sale made by the guardian, and the deed of the guardian to Geo. H. Perrine, conveying the land in controversy, and question the efficiency of each. The grounds of the several objections to the introduction of the probate proceedings and the orders of the court are based on the insufficiencies of the several proceedings and orders to sufficiently identify the land to which the several proceedings and orders purport to refer, and the objections to the guardian's deed are that it was irrelevant, and that it had nowhere been shown that the land described in the deed had been inventoried and ordered sold.

We think the cases to which we have referred in considering the first assignment dispose of these objections contrary to appellant's contention. The admissibility of the probate proceedings, constituting, as they do, a muniment of the appellee's title and foundation for the guardian's deed, is necessary and admissible as evidence of title, if they tend at all to identify the land conveyed. The question arising upon the proceedings and orders and the guardian's deed would then be: Do they, together with such extrinsic evidence as was properly offered, sufficiently identify the land conveyed by the deed? There is much in each proceeding if they do not sufficiently identify the land, at least tend to do so. They describe it as containing 80 acres of the John B. Shields preemption survey, in Jeff Davis county, and that said acreage is one-half of the survey. They show the survey to be divided into halves, and that the two parts lie with reference to each other, east and west. The deed of John B. Shields conveying his estate for life and his deed as guardian, properly describe the land. The trial court found that the calls for the west, instead of the east, half, and for survey No. 7, instead of No. 1,

were clerical errors, and we are of the opinion that his finding is sustained by the probate proceedings and the extrinsic evidence introduced.

Finding no error, the case is affirmed.

## On Rehearing.

In appellants' motion for rehearing, our attention is called to an error, in which we said:

"As to the order of sale, the court found that the mistake was made in transcribing the order to the minutes, and in transcribing wrote 'west' instead of 'east.' "

We should have made this statement with reference to the original report of sale, instead of order of sale, as is shown by the eighth finding of facts, as set out in the opinion, and we now make the correction so as to conform our statement to the said finding.

Appellant further urges that the opinion does not pass upon any assignment other than the first. We think it does, but because the opinion does not reveal the exact points urged by the assignments 2 to 9, inclusive, we add that assignments 2, 3, and 4 charge error in admitting in evidence certain minutes of the probate court embracing the order of the court confirming the sale and the guardian's deed. It will be noted that the opinion holds there was no error in admitting these items. The entries made in the probate proceedings show what action the probate court took preceding the deed, and it would then be a question to be determined whether the several actions of the probate court in connection with the deed were sufficient to pass the title of the ward's estate. Hermann v. Likens, 90 Tex. 448, 39 S. W. 282; Robertson v. Johnson, 57 Tex. 62; Wells v. Polk, 36 Tex. 126.

[3] Assignments 5 to 9 assign error in the trial court's conclusions of law applied to these items. The conclusions of law are, in effect, simply comments by the trial court upon the probative force of the admitted confirmation order and deed, and, in our opinion, are not material to the judgment entered. In fact, it would seem that, to charge error in the conclusions of law of a trial court, other than the judgment, is in effect only to charge that the judgment does not follow the findings of fact. Appellant does not attack the trial court's findings of fact, and we think the proper judgment was entered on the facts found.

With the above correction and observation on the assignments of error, the motion for rehearing is, in all other respects, overruled.