## GEO. H. HERMANN v. J. D. LIKENS ET AL.

Decided February 25, 1897.

### 1. Appeal Bond—Parties Adversely Interested.

In a suit for land by the heirs of L., to recover the undivided half interest of their ancestor's estate, against H.,—who claimed it under deed from L.'s administrator,—and M. and A.,—who claimed specific portions of the tract under L.'s cotenant, S., who had made partition with H.,—M. and A. claimed, and were by consent allowed, upon recovery by plaintiffs, to have their tracts set aside to them in the partition. On an appeal by H., with appeal bond payable to plaintiffs only, held, that there was no real controversy between M. and A. and any other party; their rights were fixed by the agreed judgment of partition; they had no interest adverse to appellant; the judgment might be reversed as to him without being set aside as to them; and his failure to make the bond payable to them was no ground for dismissing the appeal. (Pp. 451, 452.)

### 2. Administrator's Deed—Description of Land.

In a suit brought by the heirs of L. to recover their ancestor's undivided one-half interest in a tract of 893 acres out of a league and labor of land (which tract the recorded deed to L. described by metes and bounds) against H., who claimed under sale by L.'s administrator, the land was described in the administrator's deed as a one-half interest in 893 acres of the R. survey. In the inventory, petition for sale, report, and order of confirmation it was described as an undivided one-half interest in 893 acres of the R. survey belonging to the estate of L. Held: That the *description of the land* sold may be aided by the inventory and other matters of record pertaining to the administration; that such descripton was not merely of an undivided one-half interest in 839 acres of the R. survey, but of the undivided one-half interest belonging to the estate of L. in 893 acres of the R. survey; such sale was not void for uncertainty in the description. (Pp. 452 to 454.)

**3. Same.**

What is a certain description in a voluntary conveyance is, it seems, certain in an involuntary one. (Norris v. Hunt, 51 Texas, 609, and Brown v. Chambers, 63 Texas, 131, limited.) The description in an administrator's sale is not aided by extrinsic evidence of what the officer intended to sell, and ought to be sufficiently definite to enable bidders to ascertain the precise tract to be sold, though it need not enable them to do so from mere inspection of such description. (Pp. 453, 454.)

ERROR to Court of Civil Appeals, First District, in an appeal from Harris County.

The suit was brought by Likens et al. for the recovery of land, for which they had judgment in the trial court. Hermann, the defendant, appealed, and on affirmance of the judgment obtained writ of error.

*W. H. Crank, Sr., & E. P. Hamblen,* for plaintiff in error.—The Court of Civil Appeals erred in affirming the judgment and in holding, "That considered with the evidence which was offered, the description given in the probate proceedings and the administrator's deed was too vague to pass the title; the difficulty could not, in the opinion of the majority of the court, be met by showing that the estate owned the half of only one tract of eight hundred and ninety-three acres in the Rose league, and hence raising the inference that the purpose of the court and of the administrator was to sell it, because this would be supplying by parol a description not given in writing." Flanagan v. Boggess, 46 Texas, 335; Kingston v. Pickins, 46 Texas, 101; Wilson v. Smith, 50 Texas, 367; Camley v. Stanfield, 10 Texas, 550; Hughes v. Sandal, 25 Texas, 164; Linney v. Wood, 66 Texas, 27; Atkinson's Lessee v. Cummins, 9 Howard, 479; Cox v. Hart, 145 U. S., 376; Smith v. Crosby, 86 Texas, 20.

The Court of Civil Appeals erred in holding that: "Considered with the evidence which was offered, the description given in the probate proceedings and administrator's deed was too vague to pass the title, and in holding that the description must be furnished by written documents and cannot be supplied by parol evidence further than to show that the description given in the probate proceedings will identify the land." Hurley v. Barnard, 48·Texas, 83; Davis v. Touchstone, 45 Texas, 490.

*Coleman & Ross,* for defendants in error, in support of motion to dismiss appeal cited: Hunt v. Hawley, 70 Ia., 183; Barnard v. Tarleton, 57 Texas, 403; Thompson v. Pine, 55 Texas, 429; Smetters v. Rainey, 14· Ohio St., 287; Smith v. Parks, 55 Texas, 86; Chambers v. Miller, 7 Texas, 75; In re Mining Co., 79 Cal., 249; 12 Peters, 140; 136 U. S., 581; 128 U. S., 225.

The uncertainty and insufficiency in the description in the probate proceedings in the estate of J. B. Likens, under which appellant claims, are apparent upon the face of the record. The defect in the description in the various proceedings is patent. Linney v. Wood, 66 Texas, 22; Norris v. Hunt, 51 Texas, 609; 1 Greenleaf on Evidence, sec. 297.

An administrator's sale of a tract of land out of a larger tract without

further identification in the deed and proceedings in the Probate Court, including the inventory, petition to sell, order of sale, report of sale and confirmation, than the designation of the number of acres attempted to be conveyed, is void.   The inventory, petition to sell, order of sale, report of sale and confirmation are practically one continuous record, and if there is any latent ambiguity in the use of the word "of" in the deed that ambiguity is fully removed by other parts of the record, and especially the inventory, where the land is described as "a part of" the P. W. Rose headright.   Jones v. Carter, 56 Mo., 403; Munnink v. Jung, 22 S. W. Rep., 293; Norris v. Hunt, 51 Texas, 609; Harris v. Shafer, 23 S. W. Rep., 979; Wofford v. McKinna, 23 Texas, 45; Collins v. Ball, 82 Texas, 259; Brown v. Chambers, 63 Texas, 131; Pfeiffer v. Lindsay, 66 Texas, 123; Rorer on Judicial Sales, sec. 500, p. 209; McDonald v. Bank, 74 Texas, 539.

The rule that applies to the construction of a sheriff's deed and sale applies to a sale by an administrator.   They are both made in invitum, and are forced or compulsory sales, and less indulgence is shown in favor of the description in them than in sales between private parties.   The rule caveat emptor applies in administrators' sales.   Jones v. Carter, 56 Mo., 403; Munnick v. Jung, 22 S. W. Rep., 293; Sampson v. Williamson, 6 Texas, 110; Collins v. Ball, 82 Texas, 259; Mitchell v. Ireland, 54 Texas, 301; Wooters v. Arledge, 54 Texas, 395; Williams v. McDonald, 13 Texas, 323.

In construing the description in administrators' deeds, as well as in the various proceedings in the Probate Court, parol or extrinsic evidence is limited to the matters of description contained in the deed and records of the Probate Court, and to other matters of description particularly and specially referred to, and these matters of description must themselves be certain, and must be described, and the place in which they are to be found located with certainty and particularity.   A reference to the county records generally is insufficient.   Unless the deed refers to evidence alinude, it cannot be aided by such testimony.   Norris v. Hunt, 51 Texas, 614; Brown v. Chambers, 63 Texas, 131; Pfeiffer v. Lindsay, 66 Texas, 125.

GAINES, CHIEF JUSTICE.—This suit was brought by the defendants in error, as heirs of their father, J. B. Likens, and their mother, Salina A. Likens, to recover of the plaintiff in error and James McNee and N. C. Abbott an undivided interest in a tract of land, a part of the Pleasant W. Rose survey.   The plaintiffs recovered a judgment in the trial court, from which defendant Herman alone appealed—making his appeal bond payable to the plaintiffs only.   In the Court of Civil Appeals the appellees moved to dismiss the appeal, for want of proper parties, and the motion to dismiss was submitted and taken with the case.   Without expressly ruling upon the motion, that court disposed of the case upon its merits, and affirmed the judgment.   The appellees, now the defendants in error, again move to dismiss, on the ground that

the appeal bond was insufficient to give the Appellate Court jurisdiction of the appeal.

The land in controversy at one time belonged to J. B. Likens, the ancestor of defendants in error, and to D. P. Shepherd, each holding an undivided one-half interest therein. J. B. Likens having died, his interest was sold by his administrator under an order of the Probate Court, and the plaintiff in error succeeded by regular conveyances to whatever title, if any, passed by that sale. Subsequently plaintiff in error and Shepherd executed deeds of partition, by which Shepherd conveyed to plaintiff in error the one-half of the tract now claimed by the latter in this suit, and plaintiff in error conveyed to Shepherd the other half. McNee and Abbott, two of defendants in the trial court, claimed each a separate parcel of the half so conveyed to Shepherd under regular chains of conveyances proceeding from him. In their answers McNee and Abbott alleged that the land was of equal value, and prayed that, in the event the plaintiffs recovered, the tracts respectively claimed by them should be set apart to them in the partition. Replying to their answers, in a supplemental petition, the plaintiffs (as we understand their pleading) joined in this prayer; and, by consent of parties as the record shows, the judgment was entered accordingly.

There was no dispute as to the fact, that McNee and Abbott owned the Shepherd interest in the tract in controversy. The only question affecting them which could arise is: Was that an undivided interest in the whole, or title in severalty to the parcels respectively claimed by them? As between plaintiff in error and them, this question could not arise. He was bound by the partition between Shepherd and himself, and claimed only the half conveyed to him in that partition. Hermann being bound by the partition, and the plaintiff having acquiesced in the prayer of McNee and Abbott for the ratification of that partition, in the event they recovered against Hermann, it is apparent that there was no real controversy between McNee and Abbott and any other party to the suit; and that all possible controversy was settled by the agreed judgment of partition. Their rights as against all parties to ·the suit then became fixed; and the plaintiffs, if entitled to anything at all, became entitled to the half of the land claimed by Hermann, and not to an undivided half of the whole. Hermann claimed nothing as against his co-defendants.

This court has held that one suit to try title to land brought against more than one defendant, may, in its progress, so resolve itself into separate issues between the plaintiff and each of the defendants as to create, in legal effect, separate suits, which may be tried at different terms, and may admit of separate appeals. (Boone v. Hulsey, 71 Texas, 176; Chambers v. Fisk, 9 Texas, 261.) This occurs when a suit is brought against several defendants for the recovery of a tract of land, and each sets up claim to a distinct parcel, and disclaims as to the remainder of the tract. This is not quite that case, though it is analogous in principle. The progress and result of the suit eliminated all controversy as

to the title to the land claimed by McNee and Abbott, and resolved itself into a contest between the plaintiffs and defendant Hermann as to the title to that half of the land claimed by him.   McNee and Abbott were not adverse to Hermann in the pleadings, nor did they become adverse by the judgment.  The agreed judgment between them and the plaintiffs settled all issues between those parties, and left them without any further interest to be affected by the further prosecution of the suit.   No reason is seen why they should be dragged along with the case in the progress of the litigation.   The appeal bond must be made payable to all adverse parties—but they had no interest adverse to that of the appellant in the Court of Civil Appeals.   The judgment may be reversed as to him, without being set aside as to them.   We therefore overrule the motion to dismiss.

This brings us to the merits of the case.  As to the half interest in the land, in controversy between the plaintiff in error and defendants in error, J. B. Likens was the common source of title.  The plaintiff in error claimed under a sale of the land made by the administrator of Likens, and the defendants in error claimed title as his heirs.  The question is:  Was the sale valid?  This depends upon the description of the land given in the proceedings of the County Court, and in the administrator's deed.  Defendants in error insist that it is vague and uncertain, and therefore insufficient to pass the title.

In Hurley v. Barnard, 48 Texas, 83, it is held "that the description in the order of sale may be aided by the inventory and other matters of record pertaining to the administration."  (See, also, Davis v. Touchstone, 45 Texas, 490.)  The land in controversy is an undivided one-half interest in 893 acres in Harris County, a part of the headright survey of Pleasant W. Rose;  and in the inventory the petition for an order of sale, the report of sale, the order of confirmation, and in the administrator's deed, it is substantially so described.  It was not placed upon the original inventory, but in an additional list of assets, the administrator reports to the court that since his first inventory he had "discovered the following described real estate belonging to his intestate," etc. Then follows a list of lands and lots, in which is found the property in controversy as above described.  In the petition for the order of sale he also reports that, in obedience to a previous order of the court, he had sold "the following described property belonging to the estate of J. B. Likens, deceased," etc. (giving a list of the property), and that the purchasers had failed to comply with the terms of the sale.  He therefore prayed the order to resell it.  In the list appears the undivided interest in the tract in controversy, described as above.  The order of sale recites the substance of the petition, and orders the administrator to resell the property therein described.  It also copies the list of lands to be sold from the petition.  This order was made at the January term, 1881, of the court, and at the March term next thereafter an order of confirmation was entered, in which the report of the sale is copied, and it is recited that it is a report of the sale of the property belonging

to the estate.  The report is of "a sale of property in this estate hereinafter set forth," and purports to have been made in pursuance of the order passed at the January term.  It contains, also, a full list of the property, and includes the land in controversy as first above described. The administrator's deed is not copied into the transcript.  It merely appears from the statement of facts that there was introduced in evidence a deed from the administrator which conveyed to the purchaser a "½ interest in and to 893 acres of the P. W. Rose survey, in Harris County."  The statute requires that the deed of an administrator to land shall contain a copy of the order of confirmation.  It is to be presumed that the administrator did his duty, and that the order was copied in the deed.

It is evident from these proceedings that the land which was ordered to be sold, and which was sold and conveyed by the administrator was not vaguely an undivided interest in 893 acres of the P. W. Rose survey.  It was the interest of the estate of J. B. Likens, deceased, in a certain tract of 893 acres, a part of the Rose survey, of which he owned an undivided one-half.

If the Rose survey contained only 893 acres, there would have been less difficulty about the description; but it embraces a league and labor of land.  Is this description sufficient to pass the title by virtue of a probate sale?  That it would be sufficient in a voluntary conveyance, we think there can be no doubt.  Smith v. Westall, 76 Texas, 509.  Between the owner and his grantee, if from the facts given in the description in the deed the property intended to be conveyed can be identified with certainty, it is sufficient.  What is a certain description in a voluntary conveyance, is necessarily certain in a sheriff's or administrator's deed; and it would seem therefore that there should be no distinction in this respect between voluntary and involuntary conveyances; and there is high authority for so holding.  In White v. Luning, 93 U. S., 514, the court say:  "In regard, however, to the description of the property conveyed, the rules are the same, whether the deed be made by a party in his own right, or by an officer of the court.  The policy of the law does not require courts to scrutinize the proceedings of a judicial sale with a view to defeat them.  On the contrary, every reasonable intendment will be made in their favor, so as to secure, if it can be done consistent with legal rules, the object they were intended to accomplish."  (See also Marshall v. Greenfield, 8 Gill. & J. [Md.], 358.)  We have in the opinions of our court some intimations of a contrary doctrine, though the point has probably not been definitely decided.  (Norris v. Hunt, 51 Texas, 609; Brown v. Chambers, 63 Texas, 131.)  In the case last cited, in speaking of a sheriff's deed, it is said:  "In our opinion the reference to the county records for description and identification must be limited to the conveyances referred to in the sheriff's deed."  The remark was hardly called for in that case and we do not accede to the proposition. Without giving field-notes or boundaries, or referring to other conveyances which contain such description, a tract of land may be so definitely

pointed out that it may be unmistakably identified. It may be that a description, though capable of being made certain, and therefore good in a voluntary conveyance, may point out so remotely the property to be conveyed that it should be held insufficient where the property of the owner is sought to be conveyed by a judicial sale. For example, a deed to "all the grantor's lands in a certain county," naming it, will convey all his lands situate in that county. Such a description in an administrator's or sheriff's deed ought at least to be a good ground for setting aside the sale. The description in a conveyance of the latter class ought to be sufficiently definite to enable the bidders to ascertain without unreasonable trouble the precise tract of land to be sold. When this is accomplished, we think the requirement of the law is met. It was upon this principle that Wilson v. Smith, 50 Texas, 365, was decided, and the ruling in that case is sustained by the great weight of authority. The cases sustaining the doctrine are stated in 2 Freeman on Execution, sec. 330, and are too numerous to be set forth in detail in this opinion. We note that the case of Hill v. Wall, 66 Cal., 130, and Crosby v. Dowd, 61 Cal., 557, which assert a different rule, have been overruled. (De Sepulveda v. Baugh, 74 Cal., 468.) The rule as to descriptions in judicial sales announced by the Supreme Court of Minnesota seems a reasonable one. In Herrick v. Ammerman, 32 Minn., 544, that court held, that "Lot 5 in Block 39" without stating in what town or city was an insufficient description in such a sale, and in Herrick v. Morrill, 37 Minn., 250, in passing upon a similar question and referring to the former case, the court say: "In what was said in Herrick v. Ammerman we did not mean to intimate that, to constitute a good description on a sale in execution of a statutory power, it must be such that from a mere inspection of it the court would know what land was intended. Nor did we intend to be understood that parol evidence of extrinsic facts and circumstances was not admissible to apply the description, or identify the premises described. All that was intended to be held was that the land should be described with sufficient certainty to enable all parties to identify it, and know what was being sold; that in cases of the execution of a statutory power, when the owner of the land intends nothing, and the law through its officers acts in hostility to him, you cannot aid or help out an inherently insufficient description by extrinsic evidence tending to prove what the officer probably intended to sell. In these sales the policy of the law requires, not that there should exist the means of showing at some future time what is otherwise indefinite and uncertain, but that, at the time of the sale, it should be within the power of all who are by the notice invited to become bidders to know what was offered, and that it should not be left to be surmised or guessed at some future time as to what the officer intended to sell."

The description in the present case is in substance a half interest in the property of the estate of the intestate in 893 acres of land, a part of the P. W. Rose survey in Harris County, Texas. This does not indicate, as in Wofford v. McKinna, 23 Texas, 36, that the intention was to sell

a half interest in an undefined part of the Rose survey, but an undivided half of a certain tract, in which the intestate owned that interest. The evidence showed beyond dispute, that at the time of his death J. B. Likens held an undivided half interest in a tract of 893 acres in that survey, which was described by metes and bounds, and that the deed was duly recorded in Harris County. It therefore appears that when the land was ordered to be sold, one desiring to purchase after inspecting the description in the order, by applying to the administrator or by an examination of the records, could have ascertained with absolute certainty the precise tract of land in which the interest of the intestate was to be sold. A bidder at an administrator's sale, who is familiar with the premises described and offered for sale, may know the land from the description alone; and in this case, one who knew the tract of 893 acres in question, and who was acquainted with the title, would have known from the description in the probate proceedings the precise tract which was intended to be pointed out. But to bidders in general, who have no especial knowledge of the facts, the deed can never convey a precise idea of the very land itself. Even if field-notes be given, they must search for the land upon the ground or have the boundaries pointed out to them. So, if it be a lot in a town or city, the map must be referred to and applied to the ground, or the lots be in some manner designated by some one who is familiar with the locality. Here a purchaser without knowledge of the facts would have had to seek the deed under which Likens claimed, and he would have ascertained the field-notes of the tract in controversy. This was but one step further than he would have been compelled to go had the field-notes been embodied in the description itself. He had the same method of ascertainment as if the description had been of a certain lot in a certain block in a specified town or city. Here the tract of 893 acres, a part of the Rose survey, in which tract J. B. Likens at the time of his death owned an undivided one-half interest, could have been made certain by reference to the deed to Likens and Shepherd, which was offered in evidence and under which the plaintiffs, now defendants in error, claimed; and hence the description would have been good in a voluntary conveyance. The generality of the description was not, in our opinion, such as to deter bidders from making such inquiry as would necessarily have led to the definite ascertainment of the premises to be sold, and we therefore think it a sufficient description in an administrator's sale.

The court, upon the evidence adduced, should have instructed a verdict for the defendant. The judgments of the District Court and the Court of Civil Appeals are therefore reversed and the cause remanded.

*Reversed and remanded.*