### C. O. EDLING v. J. H. BURNETT.

Delivered June 1, 1898.

**1. Practice on Appeal—Absence of Statement of Facts.**

An assignment that the court erred in foreclosing a vendor's lien on the ground that no evidence was introduced describing the lands can not be considered in the absence of a statement of facts.

**2. Judgment—Description of Land.**

A description of land in a judgment foreclosing a lien thereon as a specified tract of land "less six acres sold to" a specified railroad company for right of way, is sufficient.

ERROR from Galveston. Tried below before Hon. W. H. STEWART.

*R. S. Rowland,* for plaintiff in error.

*J. R. Burnett,* for defendant in error.

JAMES, CHIEF JUSTICE.—This is a suit for foreclosure of lien on lands. One tract is described in the decree by a description of the entire tract qualified by the words less six acres sold to the Galveston, Houston & Henderson Railroad Company for right of way.

The only assignment presented in the brief of appellant is that the court erred in foreclosing a vendor's lien upon plaintiff's lands for the reason that no evidence was adduced describing the said lands.

As there is no statement of facts, no such question can be entertained here.

If, however, the decree be void or insufficient upon its face as a decree of foreclosure, it would probably be fundamental error. Appellant contends in his brief that this is the condition of the decree. Had the decree excepted six acres without attempting to give any designation of the six acres, there would be force in appellant's position. But here the six

acres are designated as a right of way that had been conveyed to said railroad company, from which it is obvious the six acres could be readily ascertained. We are of opinion that the description in the decree was not invalid. In Wilson v. Smith, 50 Texas, 365, the levy and sheriff's deed described the property as "one hundred and sixty acres of land being a part of the homestead tract of James Bankston exclusive of two hundred acres exempt by law," and this was held not, on its face, an insufficient description. See also Herman v. Likens, 90 Texas, 454, approving the case just cited. It follows that the description of the land as given in the judgment in question would be sufficient in a sheriff's deed made in a foreclosure sale, and if good in such sheriff's deed, it must be held sufficient in the foreclosure decree itself.

Affirmed, but without damages for delay.

*Affirmed.*