A. H. HITCHLER ET AL. v. T. J. BOYLES ET AL.

Decided May 18, 1899.

1. **Estoppel as to Claim of Title.**

One who admits the execution by himself of an agreement to convey certain land to another at the termination of a suit by him against her, and acknowledges that she has title to the land, is estopped to deny the title of a bank which purchased the property in good faith at a sale thereof made under a deed of trust subsequently executed by her with the knowledge and assent of the former to secure the payment of a loan, although he has since discovered that the representations by virtue of which she procured such agreement and acknowledgment of her right were untrue.

2. **Deed—Description—Conflicting Calls.**

When the calls in a deed lead to conflicting results, that must be adopted which is most consistent with the intent apparent on the face of the grant.

3. **Same—May Be Aided by Extrinsic Evidence.**

Deeds are not inadmissible in evidence for the sole reason that, unaided by extrinsic evidence, the land described in them can not be identified.

4. **Same—Evidence on Issue of Identity of Land.**

See the opinion for evidence, in part of a map referred to in the deed, held sufficient to support an issue as to the identity of the land, and a finding of the verdict thereon.

APPEAL from Harris. Tried below before Hon. WILLIAM H. WILSON.

*Jones & Garnett,* for appellants.

*Fisher, Sears & Sherwood,* for appellee Boyles.

*West & Smith* and *E. P. Hamlen,* for appellee Smith.

PLEASANTS, ASSOCIATE JUSTICE.—The appellee Boyles instituted this suit against appellants Hitchler and wife, Harriet S. Sellers, W. J. Moore, S. B. Moore, and J. H. Burnett to recover of appellants, Hitchler and wife and Mrs. Sellers, sixty acres of land, a part of the Luke Moore league, situated in Harris County; said sixty acres being in the southwest part of lot 11, a subdivision of said league; and to vacate and annul a certain judgment rendered in the District Court of Harris County on the 29th of July, 1895, in cause 12,867, wherein said Hitchler and wife were plaintiffs and the said Harriet S. Sellers and others were defendants, and by which judgment the said Hitchler and wife recovered of the said Sellers the land here sued for; and also to declare fraudulent a certain deed of trust executed by Hitchler and wife upon said land to the defendants W. J. and S. B. Moore and J. H. Burnett. The plaintiff alleged title in himself to the land by purchase at execution sale made in February, 1895, under judgment rendered in the District Court of Harris County on the 5th of October, 1892, at the suit of J. H. Kirby against the said Harriet S. Sellers, and upon which plaintiff averred execution issued in December, 1892, and an abstract of the judgment was duly recorded in the office of the clerk of the County Court of Harris County. The plaintiff further averred that said land at and long prior to said

judgment in favor of Kirby was the property of the said Harriet S. Sellers and so continued her property until purchased by plaintiff at execution sale at the time and manner aforesaid. It was further alleged that at and before the institution of the suit of said Kirby against the said Sellers, there was then pending suit 12,867, in which the said Hitchler and wife, plaintiffs, were seeking to recover from the defendants therein certain tracts of land, parts of said lot 11, in the Luke Moore league, and from the defendant Sellers the identical land purchased by the plaintiff at said sale. And the petition charged that after his purchase of the land, with the intent to defraud him and deprive him of his property, by fraudulent collusion between the said Sellers and the said A. H. Hitchler, judgment was rendered in said suit, in July, 1895, for the plaintiffs Hitchler and wife, against the defendant Sellers, for the said land sued for; that the said A. H. Hitchler and his counsel had, before the institution of the suit by said Kirby against Harriet S. Sellers, acknowledged her right to the land, and in consideration of the suppression by the defendant Sellers of certain documentary evidence, which would tend to defeat the recovery by the plaintiffs against the other defendants in said suit 12,867, the said Hitchler and wife agreed and contracted with the said Sellers to make title to her of forty of the said sixty acres of land.

Defendant W. J. Moore, for himself and as surviving partner of S. B. Moore, deceased, disclaimed all right, title, or interest in the subject matter of litigation, either by lien or otherwise. On the 18th of January, 1897, John Peter Smith, as receiver of the City National Bank of Fort Worth, Texas, intervened in the cause, alleging ownership of forty acres off the south end of the land sued for by plaintiff; he averred the allegations in the plaintiff's petition, with the exception that the plaintiff was the owner of the entire sixty acres sued for, were true; alleged that the defendants Hitchler and wife, on November 9, 1889, executed a contract in writing and duly acknowledged, by which they obligated themselves to execute to Harriet S. Sellers, at any time after the termination of cause No. 12,867, a deed to all their right and title to forty acres of land off the south end of the tract sued for by the plaintiff herein, and that on the 6th of June, 1892, the said Harriet S. Sellers executed upon said forty acres of land a deed of trust, with power to sell to one F. O. Barron, to secure the payment of certain promissory notes of the said Sellers, and that said City National Bank of Fort Worth became the owner of said notes, and default in payment of same being made, the land was sold under said deed of trust, and said bank became the purchaser thereof, and received a deed of conveyance for the same from the trustee in accordance with the provisions of said deed of trust. The intervener also charged that the judgment rendered in cause 12,867, on the 29th of July, 1895, was obtained by said Hitchler and wife by fraud and collusion with the said Harriet S. Sellers; he further averred that the contract on the part of said Hitchler and wife with the said Sellers was made for the purpose of defrauding the other defendants in cause No. 12,867 and that the fraudulent and collusive judgment rendered therein on the 29th

of July, 1895, was for the purpose of defrauding the said bank, the purchaser of said forty acres, and he prayed that said judgment might be canceled.

The defendants Hitchler and wife demurred to the petition, and denied all and singular the allegations in the plaintiff's and intervener's petitions except such as were expressly admitted. They admitted that they were in possession of the premises sued for and claimed ownership of the same; they admitted the contract with Mrs. Sellers set out in the intervener's petition, but averred that it was made upon assurances of counsel of Mrs. Seller's that she had in her possession a plot made by Frost, under whom both they and the defendants in suit No. 12,867 deraigned title, which definitely fixed the position in subdivision lot 11 of the Luke Moore league of all the lots described in deeds of conveyance from Frost to his various vendees for lands in said subdivision of said league; and the further representation on the part of said counsel for Mrs. Sellers that his client could establish her title to the land claimed by her, under plea of limitation of ten years, but that the said counsel was mistaken in all these representations, and upon discovery of his mistake it was mutually agreed between said counsel and the defendants that said contract, binding defendants to convey deed to Mrs. Sellers for forty acres of the land claimed by her, should be canceled, and that cause 12,867 should be prosecuted to judgment, and that Mrs. Sellers might introduce in her defense any evidence in her possession; and defendants expressly deny that the judgment rendered for them in said cause was obtained by fraud or by collusion with Mrs. Sellers or her counsel, and aver that said judgment was obtained without agreement of any kind with said defendant, and only after the claims of each party had been hotly contested by the other, upon the trial of the cause.

The intervener, by replication, denied the allegations of the defendants' answer, and averred that the deed of trust referred to in intervener's petion was taken and the money advanced upon it on the faith of Hitchler and wife's acknowledgment of Mrs. Sellers' title, and their agreement with her to execute to her a deed of conveyance for the forty acres covered by the deed of trust; and that the bank relied on said acknowledgment and said agreement in purchasing said land; and pleaded the facts alleged, in reply to defendants' answer, in estoppel of their claim to said forty acres.

Upon trial of the cause the court submitted special issues to the jury, and upon the findings of the jury in response to the questions propounded by the court on said submission, the court rendered a decree canceling the judgment rendered for defendants Hitchler and wife on the 29th of July, 1895, in cause No. 12,867, and gave judgment for the plaintiff and intervener against all of the defendants, and decreed the title to said sixty acres of land to the plaintiff and interveners; giving to the intervener forty acres described in the deed of trust under which he deraigned title, and the balance of said sixty acres to the plaintiff, and directed writs of possession to issue for the plaintiff and for the intervener for their

respective tracts. Whether the judgment rendered in cause No. 12,867 for Hitchler and wife was or was not collusive is immaterial as to the right of the intervener to recover the forty acres adjudged him. The defendants Hitchler and wife admitted they executed the agreement to convey the land to Mrs. Sellers, and the evidence is uncontradicted that the loan of money to Mrs. Sellers, to secure the payment of which she executed the deed of trust to Barron, was made upon the faith of said agreement, and that the bank purchased the land at the sale made under the deed of trust; and it further being indisputably shown by the evidence that the loan was effected and the deed of trust executed by Mrs Sellers with the knowledge and assent of Hitchler, he and his wife are estopped from denying the title to Mrs. Sellers' vendee to the forty acres covered by the deed of trust, and the judgment for the intervener for the land which Hitchler and wife contracted to convey upon the termination of cause No. 12,867 must be affirmed, whether the judgment rendered in the said cause was or was not collusive, or whether Mrs. Sellers had or had not title to the land, other than that derived through the contract with Hitchler and wife. To warrant a recovery, however, by the plaintiff, Mrs. Sellers must have had title to the land sued for independent of her contract with Hitchler and wife, and the judgment rendered in cause No. 12,867 against her must have been collusive. Upon the second of these issues the finding of the jury was for the affirmative, and while the evidence is not conclusive, it is sufficient to support the finding that that judgment was collusive. To show title in Mrs. Sellers to the property described in his petition, the plaintiff averred a deed from Sophronia Cone to Harriet S. Sellers, dated June, 1860, which deed purports to convey to Harriet S. Sellers the following described property:

"All that certain tract or parcel of land lying and being situated in Harris County, Texas, in the vicinity of the city of Houston, being a part of a survey of 148 acres out of Luke Moore league, known as the southwest part of lot 11, containing 54½ acres; beginning at a stake on the north boundary line of said lot 11, from which a pinoak marked X bears north twenty degrees east three varas distant, for the N. E. corner of this survey; also Ingraham's southwest; thence south 70 degrees east 160 varas across Slaughter Pen Bayou 250 varas corner, a stake on Redmen's line, from which a pinoak marked W bears south 50 degrees west 6 varas; thence south 20 degrees east 295 varas a corner a stake in prairie from which a postoak marked X bears N. 41 degrees W. 20 varas; thence S. 20 W. 468 varas corner, a stake from which a pine marked |V bears S. 32 degrees east 4 varas; thence north 70 degrees W. 500 varas, corner near bayou, from which a pinoak marked X 1 vara; thence north 20 degrees east 763 varas, to the beginning." To the introduction of this deed in evidence the defendants Hitchler and wife objected, because the land attempted to be conveyed them does not embrace the land described in the plaintiff's petition in this cause, and because no title is shown in Sophronia Cone to the land attempted to be conveyed, or to the land in this suit; which objection the court overruled and permitted the deed to be

read, to which the defendants excepted, and its admission is assigned as error. The land sued for by the plaintiff is described in his petition as being off the south end of lot 11. The contention is, that the land conveyed to Mrs. Sellers by Sophronia Cone is in the northern end of lot 11, but we think this contention is not sustained by the language of the deed. The grantor conveys "all that certain tract or parcel lying and being situate, etc.; being a part of a survey of 148 acres out of the Luke Moore league, known as the southwest part of lot 11." It is the land conveyed, and not the 148 acres, which is known as the "southwest part of lot 11;" lot 11 contains but 148 acres, and these acres can not therefore be referred to as a part of lot 11.

It is true that the deed calls to begin at a stake in the north boundary line of lot 11. This subdivision of the Moore league lot 11 is a rectangle with a width from east to west of 500 varas, and its length from north to south is 1666 varas. The last corner called for in the deed from Cone to Sellers is from the beginning corner 763 varas south 20 degrees west. If this corner be, as we may conclude it is from the language of the deed, the southwest of lot 11, the beginning corner can not be in the northern boundary of the lot. "When the calls in a deed lead to conflicting results, that must be adopted which is the most consistent with the intent apparent on the face of the grant." Hubert v. Bartlett, 9 Texas, 103. Observing this well recognized canon, and considering the entire description in construing this deed, we can not say the land conveyed is in the northern boundary of lot 11. S. M. Frost was the common source of title of all parties to the suit. He purchased, sometime prior to 1840, the subdivision of the Moore league known as lot 11, and in the year 1841 he made two sales of land in this subdivision of the league to R. C. Ingraham; one sale is for 54 acres and one for 40 acres, and on each deed of conveyance the land is described by lots, giving their numbers, with reference to a map of lot 11 made by F. W. Herman for further description. Besides Ingraham, Frost sold parts of this subdivision to several others, and with one excepttion the land conveyed is described just as in the deeds to Ingraham. All of these deeds were of record in the clerk's office of Harris County, and, less a very small fraction, these various deeds embrace the whole of the area of lot 11. In November, 1844, R. C. Ingraham executed to A. B. Worsham a mortgage on all of his land purchased from Frost, and in this mortgage the lands are described as "lots 19 to 66 inclusive, each lot consisting of $2\frac{1}{2}$ acres more or less, part of the land originally belonging to Luke Moore, and including the improvements where I, the said Ingraham, now live." This mortgage was foreclosed, the judgment describing the property just as it is in the mortgage, and at the foreclosure sale Worsham, the mortgagee, became the purchaser; the sheriff in his deed giving the same description of the property as did the judgment. Worsham, in December, 1848, conveyed to H. H. Cone a part of the Luke Moore tract in Harris County, Texas, consisting of twenty lots, giving their numbers, as designated on the plot and survey of said tract, from 19 to 39 inclusive. To the introduction of each of

these deeds in evidence the defendants Hitchler and wife objected, on the ground that it did not describe any property, and did not identify the property which it purported to convey in any such manner as that the property could be identified or found. The objection was overruled and the several instruments admitted in evidence, and the ruling of the court is the subject of several assignments of error. None of these deeds unaided by extrinsic evidence could identify the land described in them, but they were not for that reason inadmissible; they were not void for patent ambiguity. Vide Herman v. Likens, 90 Texas, 448, and Hitchler v. Scanlan, 15 Texas Civ. App., 45.

The appellants' ninth assignment challenges the action of the court in submitting to the jury whether or not they could identify, from the evidence, the lands conveyed from Frost to Ingraham, in the deeds dated respectively March 1, 1841, and June 19, 1841, and in the deed from Worsham to Cone, dated December, 1848. The appellants insist that the submission of this issue and the finding of the jury are unauthorized by the evidence. The evidence, we think, authorized the submission of such an issue, and we think the evidence is sufficient to sustain the verdict. That there was a map found among the title papers of Mrs. Sellers, and that this map was apparently ancient, and that it was shown by Mrs. Sellers' counsel in cause No. 12,867 to the counsel of plaintiffs in that case, the appellants Hitchler and wife, and to the counsel of the defendant Scanlan, E. P. Hamblen, and that a copy of this map was in evidence on the trial of this cause, and, so far as we know to the contrary, without objection from appellants, are facts which the record discloses. The witness Hamblen testified as to the similarity between the writing upon this map and the signature of Frost to the deeds of conveyance from him to Ingraham, and this map gave the position of all the lots, embraced in the deeds to Ingraham from Frost, in lot 11. Besides this map, the witness Ruby produced one which he testified he had constructed from examining the various deeds of conveyance on record from Frost for lands in lot 11, and from the map found among Mrs. Sellers' title papers; and by this map, this witness testified, the land in controversy could be easily identified, and that the position of that land is off the southern end of lot 11. This witness further testified that he had found and identified on the ground marked trees called for in the deed from Cone to Sellers. He further testified that the deed found by Mrs. Sellers' counsel was seen by him and critically examined, and that it was the work of the surveyor F. W. Herman; that Herman's name was on it. This part of his testimony, it is true, is not supported by that of any of the other witnesses who testified about this map. The map was last seen in the possession of counsel for Hitchler and wife, who has since died, and a search among his papers failed to discover the document. There was also in evidence, and apparently without objection by appellants, another old map found among the papers of one Bringhurst, now dead, and who was at one time the surveyor of Harris County; and this map was in harmony with the other as to the position of the land in controversy in lot 11. Counsel for

appellants has cited our opinion in the case of Scanlan v. Hitchler, reported in 48 Southwestern Reporter, in support of his contention that the evidence in this case is not sufficient to warrant the finding of the jury for the plaintiff. Much of the evidence in that case was identical with the evidence in this case, and that evidence was reviewed and commented on, and we expressed the opinion that we would not be justified in holding that the judge who had tried the case erred in not giving judgment for defendant Scanlan  But our decision in that case was on the ground that Scanlan was estopped from claiming the land sued for. In view of all the evidence which we have cited, we can not say that the findings of the jury are without evidence, or that the court erred in refusing a new trial.

The appellants should not complain of the refusal of the court to give their requested instruction, to the effect that the burden was upon the plaintiff and the intervener to prove that the judgment rendered in favor of Hitchler and wife in cause 12,867 was collusive, because the instruction was embraced in the charge of the court. We discover no error in the assignments, and the judgment must be affirmed both as to the plaintiff and the intervener.

*Affirmed.*

Writ of error refused.