**POMEROY et al. v. PEARCE.    (No. 7487.)**

(Court of Civil Appeals of Texas.    San Antonio.    Feb. 3, 1926.    Rehearing Denied March 3, 1926.)

1. **Appeal and error ⟞⟍907(3)—Court of Civil Appeals will assume finding of trial judge was supported by evidence, where statement of facts was not brought up.**

Where appellants did not bring up statement of facts, Court of Civil Appeals will assume finding of trial judge that description in judgment and tax deed, aided by extrinsic evidence, was sufficient to identify land sold, was supported by evidence, and judgment will be affirmed, in absence of conflict with other findings.

2. **Appeal and error ⟞⟍1071(5)—Finding of trial court on immaterial matter, treated by him as surplusage, if technical error, was harmless.**

Where only complaint was of sufficiency of description of land in judgment and sheriff's deed, finding of trial court relative to agreement of purchaser to accept double amount expended by him at tax sale, considered and treated by him as surplusage, if technical error, was harmless.

3. **Judicial sales ⟞⟍61—Description in deeds made in pursuance of judicial sales must be sufficient to enable bidders by resort, if necessary, to extrinsic matters not referred to in deed, to ascertain precise tract without unreasonable trouble.**

With reference to deeds made in pursuance of judicial sales, description must be sufficiently definite to enable bidders to ascertain without unreasonable trouble the precise tract of land to be sold, having resort, if necessary, to extrinsic matters not specifically referred to in deed.

Appeal from District Court, Bexar County; R. W. B. Terrell, Judge.

Action by Harry H. Pomeroy and others against Myron A. Pearce. Judgment for defendant, and plaintiffs appeal. Affirmed.

W. Y. McFarland and Don A. Bliss, both of San Antonio, for appellants.

Leonard Brown, of San Antonio, for appellee.

SMITH, J. The controlling question presented in this appeal is that of the sufficiency of the description of land contained in a judgment foreclosing a tax lien, and in the sheriff's deed conveying the property to a purchaser at the foreclosure sale made in pursuance of the judgment. The description was identical in the judgment, order of sale, officer's return showing levy, sheriff's deed, and writ of possession, and was as follows:

"Abstract 790, survey 293, original grantee, W. H. Van Riper, 7-75 acres of land, more or less; abstract 67, survey 368, original grantee, W. E. A. K. Bellerman, 80 acres of land, more or less—all lying and being in the county of Bexar, state of Texas."

The cause was tried by the court without a jury. No statement of the evidence accompanies the record, but the trial judge filed his findings and conclusions, from which we will state such facts as are deemed pertinent to this inquiry.

The original suit for taxes was brought by the state against Elizabeth J. Pomeroy, Almyra Hall Lemon, and William H. Lemon, and their unknown heirs, and in the resulting judgment the interest of those parties in the land was foreclosed and ordered sold. It is shown that the parties sued were the owners of said land as heirs at law of Elizabeth Pomeroy and Almyra Hall Lemon, under two deeds, one from Sam A. Knight and wife to H. H. Hall, and the other from W. H. Van Riper to H. H. Hall, which deeds have been of record in Bexar county for the past 46 years. In these deeds the two tracts involved were specifically and correctly described by metes and bounds. The two tracts were inclosed together under one fence, and were known as the "Pomeroy-Lemon land." The defendants named in the tax suit owned no land in Bexar county other than these two tracts. At the time of the tax sale the land was in possession of appellants' tenant, who attended the sale and bid for the property, which was sold to appellee. The regularity of the foreclosure proceedings and sale is not challenged by appellants, whose only complaint is of the sufficiency of the description of the land in the judgment, writs, and sheriff's deed to divest title out of appellants and vest it in appellee as the purchaser at the foreclosure sale.

[1] The trial judge found as a fact that the description given in the judgment and tax deed, aided by extrinsic evidence upon the trial, was sufficient to indentify the land sold with that claimed by appellants. As appellants did not bring up a statement of facts, we must assume that this finding by the trial judge was supported by the evidence, and the judgment might well be affirmed upon that assumption, unless other findings made by the trial judge expressly or by necessary implication conflict with and overcome that finding. We have concluded that this alternative does not occur in the case, and that the judgment must therefore be affirmed. However, in deference to appellants' vigorous and earnest presentation of their case as their counsel see it, we deem it not inappropriate to consider and dispose of some of the points made.

[2] The trial court found, among other facts, that before appellee took possession of the land in controversy he entered into an agreement with representatives of appellants to accept double the amount expended by appellee at the tax sale. In their first, second, and third propositions of law appellants complain of this finding, contending that it is

immaterial, irrelevant, and without support in the pleadings. The object of this finding is not made apparent in the record. It does not seem to be pertinent to any phase of the case made. The trial judge appears to have so considered it, treating it as surplusage. Obviously it had no influence upon the court's conclusions or judgment, which turned wholly upon the issue of the sufficiency of the description of the land. If the finding constituted technical error, it was wholly negative in effect, and was harmless to appellants, whose complaint thereat will be accordingly disregarded.

Appellants' fourth, fifth, sixth, and seventh propositions relate, in one way or another, to the question of the sufficiency of the description of the land in dispute, and their eighth, ninth, and tenth propositions are dependent for consideration upon favorable action upon their previous propositions. We recur, then, to the controlling issue.

It is contended by appellants, in effect, that, in determining the sufficiency of the description of land conveyed in a sheriff's deed, resort may not be had to extrinsic matters not specifically referred to in the deed, assuming, as is the case here, that the description in the deed is the same as that contained in the judgment, order of sale, officer's return, and writ of possession; in other words, that for the purpose of identifying the land sought to be conveyed resort may be had only to the description contained in the face of the deed, and the extrinsic matters therein specifically referred to.

[3] We have concluded that the rule stated, and insisted upon by appellants, is too strict, and is not supported by current authority in this state. We think, rather, that with reference to deeds made in pursuance of judicial sales the demand of the law is met when the description is sufficiently definite to enable bidders to ascertain without unreasonable trouble the precise tract of land to be sold, or is not so general in its terms as to deter bidders from making such inquiry as would necessarily have led to the definite ascertainment of the premises to be sold. If the description is such on its face as to enable a prospective bidder to definitely locate the land through an examination of the public records, it is sufficient, even though there may be no specific reference, in the judgment or writs or deed, to the particular instruments of record. Hermann v. Likens, 39 S. W. 282, 90 Tex. 448; Eustis v. City of Henrietta, 39 S. W. 567, 90 Tex. 468; MacManus v. Orkney, 40 S. W. 715, 91 Tex. 27; Slaughter v. City of Dallas, 107 S. W. 48, 101 Tex. 315; Taffinder v. Merrell, 65 S. W. 177, 95 Tex. 95, 93 Am. St. Rep. 814; Smith v. Crosby, 23 S. W. 10, 86 Tex. 15, 40 Am. St. Rep. 818; Wilson v. Smith, 50 Tex. 365.

In their insistence upon the strict rule contended for by them in this case, appellants rely upon the decisions in Wofford v. McKinna, 23 Tex. 36, 76 Am. Dec. 53; Norris v. Hunt, 51 Tex. 609; Wooters v. Arledge, 54 Tex. 395; Brown v. Chambers, 63 Tex. 131; Pfeiffer v. Lindsay, 1 S. W. 264, 66 Tex. 123; Allday v. Whitaker, 1 S. W. 794, 66 Tex. 669; Murray v. Land, 27 Tex. 90; Mitchell v. Ireland, 54 Tex. 301; Harris v. Shafer, 23 S. W. 979, 24 S. W. 263, 86 Tex. 314; Kellner v. Ramdohr (Tex. Civ. App.) 207 S. W. 169. It is true that in some of those cases, notably Norris v. Hunt and Brown v. Chambers, the Supreme Court used language which favored the rule urged by appellants, that the description in a sheriff's deed cannot be aided by reference to extrinsic matters not specifically pointed out or referred to in the deed. But in a later case the same court, in an elaborate opinion by Chief Justice Gaines, referred to these intimations of the court in the two outstanding cases mentioned, and expressly disapproved the doctrine favored in those cases and urged here by appellants. Hermann v. Likens, 39 S. W. 282, 90 Tex. 448.

So the most that may be said of the authorities relied upon by appellants is that in some of those cases, in none of which are the facts deemed analogous to those here presented, there were intimations, and in some of them direct assertions, that in determining the sufficiency of descriptions of land purchased at judicial sales the rule in this state was to exclude from consideration all matters extrinsic of the judgment and sheriff's deed, unless such matters are specifically referred to in such instruments. Whether or not it was the intention in any of those cases to lay down that intimation or declaration of principle as the established rule becomes immaterial, for in the subsequent decision in Hermann v. Likens the same court has expressly repudiated the doctrine, and proceeded to lay down the broader and more practical rule that:

"The description in a conveyance of the latter class [sheriffs and administrators] ought to be sufficiently definite to enable the bidders [at judicial sales] to ascertain without unreasonable trouble the precise tract of land to be sold. When this is accomplished, we think the requirement of the law is met."

For the purpose of deciding the specific point in issue here, the case of Hermann v. Likens presents an analogous state of facts and application of the law. In that case the conveyance was made by the administrator of the estate of J. B. Likens, who at the time of his death owned an undivided one-half interest in a tract of 893 acres of land; the other one-half interest being owned by one Shepherd. Likens having died, his administrator sold his interest under an order of the probate court, and this interest passed through mesne conveyances to one Hermann. Subsequently Hermann and Shepherd executed partition deeds, each conveying to the other a designated one-half of the tract.

The children of J. B. Likens brought suit against Hermann to recover an undivided one-half interest in the tract of land. Hermann claimed under a sale of the land made by the administrator of J. B. Likens, and the plaintiffs in that suit claimed title as Likens' heirs at law. The administrator's deed to Hermann's remote vendor conveyed a "one-half interest in and to 893 acres of the P. W. Rose survey, in Harris county," and the evidence showed that the P. W. Rose survey embraced a league and labor of land. The evidence also showed that at the time of his death J. B. Likens held an undivided half interest in a tract of 893 acres out of that survey, under a duly recorded deed in which the land was described by metes and bounds.

It appears, then, that those facts are analogous to the facts in the instant case. There the heirs at law claimed under a recorded deed to Likens; here appellants claim as heirs at law under a recorded deed to H. H. Hall. There the land was fully and correctly described in the recorded deed under which the plaintiffs claimed as heirs at law, but insufficiently described in the face of the administrator's deed to the adverse claimant; here the land was fully and correctly described in the recorded deed, under which appellants (plaintiffs below) claimed as heirs at law, but insufficiently described in the face of the sheriff's deed to the adverse claimant. In both cases the recorded deed under which the heirs claimed was introduced in evidence, thus disclosing to the trial court the full and correct description of the land in controversy, and found by the trial court in this case to be identical with the land sold to appellee at the sheriff's sale. Under this state of facts, it was said in the case of Hermann v. Likens that:

"It therefore appears that, when the land was ordered to be sold, one desiring to purchase after inspecting the description in the order, by applying to the administrator or by an examination of the records, could have ascertained with absolute certainty the precise tract of land in which the interest of the intestate was to be sold. A bidder at an administrator's sale, who is familiar with the premises described and offered for sale, may know the land from the description alone; and in this case one who knew the tract of 893 acres in question, and who was acquainted with the title, would have known from the description in the probate proceedings the precise tract which was intended to be pointed out. But to bidders in general, who have no special knowledge of the facts, the deed can never convey a precise idea of the very land itself. Even if field notes be given, they must search for the land upon the ground or have the boundaries pointed out to them. So, if it be a lot in a town or city, the map must be referred to and applied to the ground, or the lots be in some manner designated by some one who is familiar with the locality. Here a purchaser without knowledge of the facts would have had to seek the deed under which Likens claimed, and he would have ascertained the field notes of the tract in controversy. This was but one step further than he would have been compelled to go, had the field notes been embodied in the description itself. He had the same method of ascertainment as if the description had been of a certain lot in a certain block in a specified town or city. Here the tract of 893 acres, a part of the Rose survey, in which tract J. B. Likens at the time of his death owned an undivided one-half interest, could have been made certain by reference to the deed to Likens and Shepherd, which was offered in evidence, and under which the plaintiffs, now defendants in error claimed, and hence the description would have been good in a voluntary conveyance. The generality of the description was not, in our opinion, such as to deter bidders from making such inquiry as would necessarily have led to the definite ascertainment of the premises to be sold, and we therefore think it a sufficient description in an administrator's sale."

So, in Smith v. Crosby, 23 S. W. 10, 86 Tex. 15, 40 Am. St. Rep. 818, the rule is stated by Chief Justice Stayton to be that:

"The law does not require that in such sales the description must be such that the land may be identified by inspection of the levy and deed, and if the description be general, but sufficiently accurate to enable parties to identify the land levied upon and conveyed, by the use of such means as would be admissible in a court of justice for that purpose, then the description should be deemed sufficient."

And Judge Stayton illustrates and emphasizes that statement of the rule by asking the question:

"If the general description given be accurate, and such that, following and applying it, purchasers, by the use of that diligence and care usually exercised in examining title and ascertaining the value of land they contemplate purchasing, may ascertain what particular land or interest in it is offered for sale, can it be said that such persons have not present means of knowing what is offered for sale?"

And he adds:

"The impropriety of requiring a creditor to so describe a tract of land, or interest in it owned by the debtor, that its locality or the interest therein may be determined from that description alone, is well illustrated by the facts in this case. * * * A person desiring to know what, if any, interest J. Mayrant Smith had in the league of land described in the levy and deed, would go to that record to ascertain his right, and that would inform him that the father of J. Mayrant Smith owned an undivided interest in the league, the extent of which might or might not be described by the record. He would then ascertain whether the father was living, and, finding that he was dead, would then inquire who inherited his estate or took it by devise. If the property was disposed of by will, from that he might ascertain, most frequently, in what proportion two or more devisees took the testator's interest in the land, or whether it went only to one person. If he ascertained that the father died intestate, an inquiry would have

to be made as to the persons and number of persons who inherited his estate, and the interest each one was entitled to."

So, if the prospective bidders at the sale here in question had pursued the lines of inquiry suggested by Judge Gaines in the Likens Case and Judge Stayton in the Smith-Crosby Case, such inquiry, from the description in the judgment of foreclosure, would have led inevitably to the true identity of the land in controversy. The foreclosure proceedings disclosed that the interest of appellants' ancestors was precluded as to a specified number of acres out of each of two larger tracts, which were identified by abstract numbers and by the names of the original grantees. It was shown that appellants' ancestors had owned no other lands in the county, and that the two tracts involved were inclosed together under one fence, and were in the possession of appellants, who owned the property by virtue of the conveyance to the record owner. With the information thus disclosed in the foreclosure proceedings, judgment, order, and notice of sale, bidders could easily have located and identified the land by examination of the county records, which embraced the very deed under which appellants claim, and in which the land was fully and correctly described by metes and bounds.

So, in the case of Taffinder v. Merrell, 65 S. W. 177, 95 Tex. 95, 93 Am. St. Rep. 814, the description in a partition decree was of "two lots in the town of Hamilton, Hamilton county, Texas." At the time of his death these lots and other property were owned by James C. Taffinder and his wife, Martha, who survived him, and afterwards married Bevins. After Martha's death her husband, Bevins, administered her estate, which was partitioned in the probate court among the children of both marriages. The two lots in controversy went to the Bevins children. Bevins, as the guardian of those children, sold and conveyed the two lots to Merrell's vendor. In upholding the sufficiency of the description quoted above the Supreme Court said:

"Under the decisions of this court, it is proper to look, not only to the order itself, but to the inventory and to the report of the commissioners. By these documents and by the order, taken together, the property is referred to, not merely as two lots in the town of Hamilton, but as the two lots in that town owned by Taffinder and wife as community property. All that it was necessary to do, in order to identify the property, was to ascertain the lots which were thus owned, and the evidence shows that this was easily done. The stated ownership of the lots was in itself a circumstance of description which led to their identification. That this was true is held in Herman [Hermann] v. Likens [39 S. W. 282] 90 Tex. 448, and whatever doubt may have previously existed as to the sufficiency of such descriptions is removed by that deci-

sion. There the land was described in the inventory and the proceedings through which it was sold as 'half interest in and to 893 acres of the P. W. Rose survey in Harris county.' The Rose survey was a league and labor, and the particular part of it intended to be sold was not otherwise identified. But this court held that the description meant a tract of 893 acres belonging to the estate, and that the land could be identified by evidence that the estate did own a half interest in such a tract, and no other part of the league."

Judgment affirmed.