### BROWN et al. v. GAINES et al.

Court of Civil Appeals of Texas. Galveston.
May 11, 1939.

On Appellants' Motion for Rehearing
July 13, 1939.

Rehearing Denied Sept. 28, 1939.

802

J. R. Andrews and Andrews, Kelley, Kurth & Campbell, all of Houston, for appellants.

A. R. Rucks and Robt. M. Lyles, both of Angleton, for appellees.

CODY, Justice.

This case has to do with whether the description in a deed is sufficient to prevent the deed being void.

On July 21, 1915, by a deed duly recorded, George Williams conveyed to Addie Williams Carter, his daughter (who is now Addie Brown, one of the appellants), all of his estate, right, title and interest in a certain tract of land situated in the J. H. Bell survey, Abst. No. 40 in Brazoria County, Texas, being 18⅖ acres more or less in the upper or northern half of Lot No. H of the Subdivision of what is known as the Stark tract in the J. H. Bell survey. The description in the deed just referred to goes on to relate the fact that Lot H. consists of 50 acres and that there had been conveyed to the grantor, the said George Williams, the northern half of it, or 25 acres, and proceeded to recite conveyances formerly made by the grantor, etc., which accounted for there remaining vested in him, the said George Williams, title to the 18⅖ acres which he conveyed by the deed to Addie Williams Carter.

Then, on January 17, 1919, the grantee in the foregoing deed, Addie L. Carter (and appellant here), joined by her husband, reconveyed the above described parcel of land to George Williams, giving a metes and bounds description of such land. And on February 9, 1919, George Williams transferred to Andrews, Streetman, Logue & Mobley, his attorneys, an undivided half interest in the 18⅖ acres of land, the deed

from George Williams to Addie Williams Carter being referred to for description of the land.

Then, on September 24, 1925, George Williams, by general warranty deed, conveyed to Jessie Gaines, "all that certain tract or parcel of land situated in the J. H. Bell league and out of the J. H. Stark subdivision, and containing 18⅖ acres of land, and is out of the upper one half of Block H. in said Stark subdivision in Brazoria County, Texas."

George Williams died intestate. And the successors in interest to Andrews, Streetman, Logue & Mobley, and the appellants as the surviving children of George Williams brought suit against appellees to recover the 18⅖-acre tract, in trespass to try title. An undivided half interest was duly awarded the successors in interest to Andrews, Streetman, Logue & Mobley, but recovery was refused to the heirs of George Williams. If the deed to Jessie Gaines was void for insufficiency of description, the judgment refusing recovery to such heirs was erroneous; if it was a sufficient nucleus of description to authorize the admission of other evidence, to identify the land as being such as was owned by George Williams at the time of his death, then the judgment was correct.

A grantee is bound to take notice of the instruments which are of record which form the chain or muniment of title of his grantor. It was upon this principle in reality that the description in the deed in the case of Herman v. Likens, 90 Tex. 448, 39 S.W. 282, being "One-half interest in and to 893 acres of the W. P. Rose survey in Harris County", was sustained as sufficient. Since the grantee is bound to take notice of such instruments, such instruments may certainly be looked to in determining what a grantor intended to convey and a grantee intended to receive. Williams had owned exactly 18⅖ acres in the northern half of the Stark subdivision of the Bell Survey, before his transfer of a half interest therein to Andrews, Streetman, Logue and Mobley. Just where this 18⅖-acre tract was located appeared from the deed records of Brazoria County, and any grantee from George Williams was bound to take notice thereof. We do not understand that appellants make any point of the fact that George Williams undertook to convey all of the 18⅖ acres, when he only owned an undivided half interest. Certainly if the description would have

been sufficient to locate a full interest in the 18⅖ acres, it is sufficient to locate, and pass title to, an undivided half interest in the 18⅖ acres.

In the case of Taffinder v. Merrell, 95 Tex. 95, 65 S.W. 177, 178, 93 Am.St.Rep. 814, our Supreme Court used this language: "We are of the opinion that the description of the two lots in Hamilton in the decree of partition in estate of Mrs. Bivens was sufficient. Under the decisions of this court, it is proper to look not only to the order itself, but to the inventory and to the report of the commissioners. By these documents and by the order, taken together, the property is referred to not merely as two lots in the town of Hamilton, but as the two lots in that town owned by Taffinder and wife as community property. All that was necessary to do in order to identify the property was to ascertain the lots which were thus owned, and the evidence shows that this was easily done. The stated ownership of the lots was in itself a circumstance of description which led to their identification. That this is true is held in Hermann v. Likens, 90 Tex. 448, 39 S.W. 282 * * *."

The trial court correctly held the deed from George Williams to Jessie Gaines was not void for insufficiency of description, and its judgment is affirmed.

Judgment affirmed.

On Appellants' Motion for Rehearing.

 We have concluded that in affirming the judgment of the trial court our holding is in conflict with the holding in Smith v. Sorelle, 126 Tex. 353, 87 S.W.2d 703, 705. In that case if the ownership of the land had been in itself a circumstance of description to lead to the identification of the land, the description in that case would have been sufficient. It is there stated: "The true rule, as deduced from the authorities, seems to be that this description should be so definite and certain upon the face of the instrument itself, *or by other writing referred to,* that the land can be identified with reasonable certainty. To hold otherwise would defeat the wise intention and object of the statute, by permitting to rest in parol extrinsic testimony, that which should have been embraced in the written instrument." It is not enough, therefore, that by recourse to the deed records of Brazoria County, it could be determined that George Williams, on Sep-

tember 24, 1925, only owned an undivided half interest in 18⅖ acres of land in the J. H. Bell League, which was in the J. H. Stark Subdivision in said League, and was also in the upper half of Block H. in said Subdivision, and that by recourse to such deed records the metes and bounds description of said 18⅖ acres could be accurately determined.

We are constrained, therefore, to hold that the deed of September 24, 1925, from George Williams to Jessie Gaines, conveying "all that certain tract or parcel of land situated in the J. H. Bell League and out of the J. H. Stark Subdivision, and containing 18⅖ acres of land, and is out of the upper one-half of Block H in said Stark Subdivision in Brazoria County, Texas," is void, because of defective description. Title to the undivided half interest in the 18⅖-acre tract sued for was therefore in George Williams at the time he died intestate, and therefore vested in his heirs at his death. The motion for rehearing is therefore granted, and our former judgment is set aside, and the judgment of the trial court is reversed and rendered; and it is here adjudged that appellants recover title to the land sued for.

Appellants' motion for rehearing granted, former judgment set aside, and cause reversed and rendered.